SANGER BROS. V. THOS. TRAMMELL & CO.

(Case No. 5848.)

1. REVISED STATUTES, ARTICLE 2291, CONSTRUED—INDORSEMENT OF ATTACHMENT AND EXECUTION—Article 2291 of the Revised Statutes is declaratory of what the law was, previous to their adoption. (Cavanaugh v. Peterson, 47 Tex., 197, etc.) The indorsement upon the execution or attachment levied upon land must take place before the levy is complete, and no other steps can give validity to a levy not accompanied by an indorsement.

2. SAME—LIEN—From the time of making the indorsement must be dated the lien acquired upon the property by the plaintiff.

3. SAME—FRAUDULENT INDORSEMENT—COLLATERAL ATTACK—Two attaching creditors levied upon the real estate of their debtor on the same day. One writ purported to have been indorsed at 3 a. m. and the other at 8.30 a. m. In a suit between the creditors. *Held:*

(1) Evidence was admissible to show that the first mentioned indorsement was made subsequent to the other.

(2) The indorsement was conclusive as to all parties to the writ upon which it was made and those in privity with them, but not as to strangers to the judgment rendered in that cause.

APPEAL from Howard. Tried below before the Hon. Wm. Kennedy.

This was an action of trespass to try title, brought in the district court of Howard county, September 25, 1885, by appellees against appellant for lot eight, block five, in the town of Big Springs.

The opinion states the necessary facts.

*Walton, Hill & Walton* and *G. W. Walthall* and *J. Good,* for appellants, cited: Ayres v. Duprey, 27 Tex., 598; Hamblen v. Knight, 60 Tex., 39; Lawler v. White, 27 Tex., 250; Fitch v. Boyer, 51 Tex., 344; Mikeska v. Blum, 63 Tex., 46; Irian v. Wills, 41 Tex., 317; Murfree on Sheriffs, sec. 868, and citations in notes 3, 4; Waples on Attach. and Garnish., 264, and citations in note 2; Freeman on Ex., secs. 365, 387.

*W. H. & S. H. Cowan, G. S. Jones* and *Chas. I. Evans,* for appellees, cited: Paul v. Perez, 7 Tex., 338; Rivers v. Foote, 11 Tex., 671; Rodriguez v. Lee, 26 Tex., 32; McSween v. Yett, 60 Tex., 183.

WILLIE, CHIEF JUSTICE—Our Revised Statutes provide that "in order to make a levy on real estate it shall not be necessary for the officer to go upon the ground, but it shall be sufficient for him to indorse such levy upon the writ" Art. 2291. This is but declaratory of what the law was previous to their adoption under the decisions of this court. Hancock v. Henderson, 45 Tex., 479; Cavanaugh v. Peterson, 47 Tex., 197. Neither the statutes nor the decisions of this

state have recognized any other method except this of making a levy upon land; and without some statutory provision the mode adopted in Texas seems to be not only the proper but the necessary method of making the levy. Drake on Attach., sec. 236.

Whatever other acts may be performed by the sheriff in making the levy, the indorsement upon the execution or attachment must take place before the levy is complete. All other steps are unnecessary, and none of them by force of our laws can give validity to a levy not accompanied by an indorsement. Hence, from the time of making the indorsement must be dated the lien acquired upon the property by the plaintiff in attachment.

The indorsement upon the writ under which the appellants claim purports to have been made at 3 o'clock on the morning of March 18, 1884. The indorsement upon the writ under which the appellees claim purports to have been made at 8.30 a. m. of the same day. Upon the face of the papers the levy of the appellant was first in time. His lien was the elder, and his title complete to the land in controversy as against the right subsequently acquired by the levy of the appellees. But it was shown by a witness that at the time the indorsement was made upon the writ of the appellees, none had been made upon that sued out by the appellants. As the levy depended upon the indorsement, this evidence established very clearly that the levy of the appellees was prior in point of time, their lien the elder, and that the sheriff, in subsequently making the return upon the writ of appellants, had committed a fraud upon the rights of appellees. But this evidence, when offered below, was objected to by the counsel for Sanger Bros., because it was a collateral attack upon the official act of the officer in making the indorsement, and it is contended that for this reason the evidence was inadmissible.

The return was conclusive as to all parties to the writ upon which it was made, and all others claiming in privity with them, but it by no means concluded a stranger to the judgment rendered in that cause. The parties to an action cannot impeach for fraud the judgment of a court which has properly acquired jurisdiction of them and of the cause in which it was rendered, in a collateral proceeding. "It is their business to see that it is not so obtained." Freeman on Judg., sec. 334.

"But as to third parties nothing determined by the judgment is *res adjudicata*; and strangers, who, if the judgment has effect, will be prejudiced as to some pre-existing right, are permitted to impeach the judgment." *Id.*, secs. 334, 335.

The same rule holds substantially as to the official acts of a sheriff in making a return upon a writ. If the parties to an attachment pro-

ceeding, in which the return is made, or those in privity with them, would set it aside for fraud, they must do so in a direct proceeding; but a rival attaching creditor may question it in any cause where the rights which rest upon the return are brought in conflict with his own. This is the result of all the authorities. Woples on Attach., 534; Murfree on Sheriffs, sec. 868; Freeman on Ex., 365, and authorities cited.

Those cited by the appellants are all cases where the returns of the officers were collaterally attacked by parties to the suits in which they were made.

We think the evidence was properly admitted, and that it gave precedence to the levy of the appellees, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered June 4, 1886.]

[Associate Justice Robertson did not sit in this case.]