## E. A. ALLDAY V. WHITAKER & GALLAWAY ET AL

(Case No. 2051.)

1. JUDGMENT—ORDER OF SALE—SHERIFF'S DEED—DESCRIPTION.—A judgment direct-ing land to be sold, the order of sale made thereunder, and sheriff's deed to the land must contain such description of the land sold as will enable a person familiar with it to identify it from the description given. See opinion for de-scription held insufficient.

2. TENANTS IN COMMON—PAROL PARTITION—NOTICE·—It has often been held in this state that a parol partition of land between tenants in common is valid. (Stuart v. Baker, 17 Tex., 417, and Gibbons v. Bell, 45 Tex., 423.)   There is nothing in the nature of such a partition to affect a person purchasing from a party to it, with notice of its existence.

3. SAME.—A purchaser from one co-tenant would not be affected with notice of a partition from the mere fact that it was made in writing.   But registration of such an instrument, actual adverse possession, or circumstances calculated to induce inquiry, as well as actual notice to the purchaser before his rights were acquired, would affect him with notice of a partition.

4. SAME—INNOCENT PURCHASER.—In the absence of notice of the partition, an in-nocent purchaser would be entitled to hold what from the record appeared to be the undivided interest of the co-tenant whose estate he purchased, subject to such equities as may arise among tenants in common.

5. SAME—OCCUPATION.—The facts that a tract of land owned by two co-tenants has been divided into blocks and lots, some of which have been actually surveyed and their boundaries fixed and that one or more of them are occupied by one of the co-tenants, do not operate as notice of a parol partition.

6. SAME—EVIDENCE.—The fact that one co-tenant assumed the right to sell the en-tire property in the lots on one side of the tract and does so by deeds put upon record, and that a like right is assumed and exercised by another co-tenant as to lots on the opposite side, may be looked to on the question of notice of parol partition.

7. SAME—REGISTRATION LAWS.—Whether or not a parol partition is within the opera-tion of the registration laws, does not affect the rights of innocent purchasers, who, as in case of a resulting trust, are protected in equity without reference to the protection to which they are entitled under such laws.

8. IMPROVEMENTS.—See opinion for facts under which parties were entitled to equities growing out of the erection of valuable improvements.

APPEAL from Cass.   Tried below before the Hon. W. P. McLean. The opinion states the facts.

*Geo. T. Vaughan, H. A. O'Neal, John L. Sheppard* and *Cuff Adams,* for appellant, as to the sufficiency of the description of the land in the judgment, etc., cited: Tex. Pl. and Prac., 696; Murray *v.* Land, 27 Tex., 89; Wofford *v.* McKinna, 23 Tex., 36; Norris *v.* Hunt, 51 Tex., 615; Mitchell *v.* Ireland, 54 Tex., 305; Wooters *v.* Arledge, 54 Tex., 397; Pfeiffer & Co. *v.* Lindsey, 6 Tex. Law Rev., 243; Balance *v.* For-sythe, 13 How., (U. S.) 23; Evans *v.* Ashley, 8 Mo., 185; Henry *v.* Mitchell, 32 Mo., 512.

On notice, they cited: Moody v. Butler, 63 Tex., 210; Smith v. Miller, 63 Tex., 72; Wade on the Law of Notice, 290; 2 Pom. Eq., 620; Bush v. Golden, 17 Conn., 602; Gates v. Salmon, 46 Cal., 363; Stone v. Cook, 79 Ill., 424.

O' Neal & Son and H. C. Hynson, for appellees, on the description of the land in the judgment, etc., cited: Wilson v. Smith, 50 Tex., 365; Ragsdale v. Robinson, 48 Tex., 379; Veremendi v. Hutchins, 56 Tex., near bottom of page 418; Douthit v. Robinson, 55 Tex., 69; Wofford v. McKinna, 23 Tex., 36; Norris v. Hunt, 51 Tex., 609, and that class of cases conveying undefined portions of large tracts.

STAYTON, ASSOCIATE JUSTICE.—This action was brought by the appellant, to recover an undivided half interest in fifty acres of land on which stands a village now known as "Wayne Station," but heretofore known as the town of Hoxie. The entire tract of land formerly belonged to A. Frank and W. T. Cobb, who held it as tenants in common at one time. The appellant deraigns title through a sale made by the sheriff under a judgment against Frank. That judgment was rendered on February 9, 1883, and declared a lien by virtue of an attachment levied October 6, 1882, at 2 o'clock, p. m.

The defendants, Whitaker & Gallaway claim the interest which Frank owned in the land, under a sheriff's deed made under a judgment against Frank, declaring an attachment lien on the land. This judgment was rendered on December 15, 1882, and declared a lien through an attachment levied on the land on October 6, 1882, at 11 o'clock, a. m. The description of the land, as given in the sheriff's return on the writ of attachment last referred to, was as follows: "Twenty-five acres of land lying situate west of the railroad and close to and adjoining the said Wayne station, together with all the tenements thereon situated."

This description was used in the judgment directing the land to be sold, in the order of sale, and in the sheriff's deed, through which the defendants, Whitaker & Gallaway, claim; and no other description of the land is therein given. When the several papers, evidencing the links in the chain of title to Whitaker & Gallaway were offered, they were objected to on the ground that they gave no sufficient description of the land. This objection was overruled, the papers admitted, and a judgment rendered in favor of the defendants. These rulings are assigned as error.

If the description of the land in the proceedings and papers under which Whitaker & Gallaway claim, were sufficient to pass to them the

*Opinion of the court.*

title which Frank formerly held, the judgment was manifestly right; for the levy of the attachment through which they claim occurred anterior to the levy of the attachment through which the appellant claims. The rule in reference to judgments directing land to be sold, orders of sale made thereunder, and deeds made by sheriffs in pursuance of sales so directed to be made is, that in the several steps taken to empower the officer to sell, and in the paper evidencing the fact that he has sold, there must be such description of the land as will enable a person familiar with it to identify it from the description thus given. The description given in this case is such as may be with equal propriety applied to any one of several tracts of land. .

The land levied upon, directed to be sold, and sold, is said to consist of twenty-five acres west of the railroad. This will apply to a large number of tracts. It is, however, declared to be "close to and adjoining the said Wayne Station." If, as the record leads us to infer, the whole tract of fifty acres, on which the town of Hoxie was laid off, is now known as "Wayne Station," then no part of the land claimed by the appellant would be secured by the deed made to Whitaker & Gallaway were the twenty-five acres intended to be conveyed described with sufficient certainty.

The twenty-five acres sold may be north, west or south of Wayne Station, whether we consider that to embrace the entire fifty acres, formerly known as the town of Hoxie, or only a part of it; and it may be in almost any conceivable form and yet "close to and adjoining the said Wayne Station." Such a. description in a judgment, order of sale, sale or sheriff's deed must be held insufficient, and the objections urged against the admission of the several papers should have been sustained. Murray v. Land, 27 Tex., 90; Norris v. Hunt, 51 Tex., 610; Mitchell v. Ireland, 54 Tex., 305; Wooters v. Arledge, 54 Tex., 395; Pfeiffer & Co. v. Lindsay, 6 Tex. Law Rev., 243.

As against Whitaker & Gallaway the appellant shows a title which authorized a judgment in his favor. The controversy between the appellant and the defendant, Cobb, arises out of the fact that before the levy of the attachment, under which the appellant claims, Frank and Cobb made a parol partition of the fifty acres of land, of which the appellant claims to have had no notice at the time he bought and paid for the interest of Frank in the entire tract.

It appears that the Texas and Pacific railway runs through the center of the fifty acre tract, in a direction nearly north and south, and that it was agreed that Frank should have all the land on the west side of the railroad and Cobb all on the east side. After this parol partition Cobb continued to occupy, as he had done before, a lot or

lots on which he had buildings. That a parol partition of land, between tenants in common, is valid, has often been held in this state. Stuart v. Baker, 17 Tex., 417; Gibbons v. Bell, 45 Tex., 423.

It is unnecessary to consider in this case whether such a partition vests in each co-tenant the legal title to the part set apart to him; for, be this as it may, the right of an innocent purchaser will be the same whether such a partition passes the legal or equitable title. At the time the appellant bought, the records of the county in which the land was situated showed that Frank was the owner of an undivided half of the entire fifty acres. There is nothing in the nature of a parol partition of lands to affect a person purchasing from a party to it, with notice of its existence.

It may be conducted with the utmost secrecy, and is wanting in the means to give it notoriety which the law furnishes to such transactions as are evidenced by writing, through registration laws. Had the partition been made between Cobb and Frank by an instrument or instruments in writing, no purchaser from one of them, from the simple fact that such a partition had been made, could be affected with notice of it. Registration of such an instrument, actual adverse possession, or circumstances calculated to induce inquiry, as well as actual notice to the purchaser before he acquired rights, would affect him with notice of the fact that a partition had been made; but in the absence of notice of even a written partition, given through some of these means, the innocent purchaser would be entitled to hold what, from the record, appeared to be the undivided interest of the co-tenant whose estate he purchased, subject to such equities as may arise between tenants in common.

The appellant was not affected with notice of the parol partition made by Cobb and Frank, so far as appears from the record, unless the possession of Cobb was such, as held by the court below, as to affect him with notice. The possession of Cobb was consistent with the title which the record showed him to have; as co-tenant he was entitled to just such a possession as he is shown to have had. The property seems to have been divided into blocks and lots, some of which had been actually surveyed and their boundaries fixed, and it ought not to be contended that the occupation of one or more of these lots by Cobb, just as any co-tenant has the right to occupy, can operate as notice of a parol partition.

It is urged that a parol partition is not within the operation of the registration laws, and this may be true; but it does not affect the rights of innocent purchasers, who, under the rules enforced in courts of equity, are protected without reference to the protection which such

persons are entitled under such laws. Resulting trusts are not affected by the laws regulating registration, but it has been constantly held that a purchaser from the apparent holder of the legal title, who buys and pays for the property without notice of the equitable right, will be protected against it. Blankenship *v.* Douglas, 26 Tex., 225; Parker *v.* Cook, 60 Tex., 116; McKamey *v.* Thorp, 61 Tex., 648.

Facts may have existed which would justify a court or jury trying the case to find that the appellant had notice of the parol partition at the time he purchased; but if so, they are not shown by the record before us. If, after the parol partition, Frank had assumed the right to sell the entire property in the lots on the west side of the railroad and had done so by many deeds put upon record before the appellant purchased, and a like right was assumed and often exercised by Cobb as to lots on the east side, these and like facts might be looked to upon the question of notice to the appellant.

The appellant seeks partition and claims rents, and the defendants assert claims for improvements made in good faith. As the judgment of the court below will have to be reversed, and as the case has not been so presented as to enable this court to enter such a final judgment in it as would probably be just to all parties, the cause will have to be remanded. It is deemed proper to suggest some matters which should be considered in the further disposition of the case.

No facts are found in the record which would prevent the defendants, Whitaker & Gallaway, from having their equities, growing out of valuable improvements made by them on the land, adjusted. If they have purchased lots on the east side of the railroad from Cobb, they are entitled to have the same set apart to them in the partition, if this can be done without prejudice to the right of the appellant, and the value of improvements made thereon by them should not enter into the estimate in fixing the value of the lots for partition. Under the same rules the defendant, Cobb, will be entitled to have set apart to him any lot or lots on which he has made improvements, as will the appellant be entitled to have set apart to him any lots on which he or Frank made improvements.

If it should be found on another trial that the appellant is entitled to recover an undivided one-half of the land, then equities growing out of rents received by either party should be adjusted in accordance with the rules regulating that matter between tenants in common.

It is ordered that the judgment of the court below be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 5, 1886.]