## TATUM *v.* CROOM.

Opinion delivered April 27, 1895.

*Sheriff's deed—Patent ambiguity.*

Where a sheriff's deed, and the proceedings upon which it is based, describe the land sold as the northeast part of the south half of the southeast quarter of a certain section, without otherwise identifying the land, the deed and sale are void for a patent ambiguity, and the defect cannot be cured by extrinsic evidence showing what land the sheriff intended to sell.

Appeal from Sebastian Circuit Court, in Chancery, Greenwood District.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

The appellant, M. T. Tatum, brought suit before a justice of the peace of Sebastian county against appellee, G. N. Croom, and had a writ of attachment issued. The constable to whom the writ of attachment was delivered, not finding any personal property, levied the same upon real estate, and made his return to that effect. Afterwards the justice of the peace rendered judgment in said suit against Croom for $23.30 and costs, and sustained the attachment. A transcript of this judgment was filed in the office of the clerk of the circuit court of said county. Thereupon the same was entered in the docket of the circuit court for common law judgments, and an order of sale was issued by the

clerk, directing the sheriff to sell said land. The sheriff sold the land, and the appellants claim title under the sheriff's sale. This action was brought by appellee to set aside said sale, and recover the land. No objection was made to the form of the action. The finding and decree was that said sale was void for want of a sufficient description of the lands sold in the return, order of sale, and advertisement upon which the sale was based. The land in controversy is all that part of the S. ½ of SE. ¼, sec. 16, township 6 north, range 30 west, lying on the north side of the public road leading from Greenwood to Burnville, and containing 23.31 acres.

The land in controversy is indicated in the diagram by the black lines.

*John S. Little* and *R. T. Powell* for appellants.

The description leaves no doubt as to the exact location of the land to be sold except as to the south boundary line, which is definitely fixed by parol testimony. Parol evidence is admissible to inform the court as to the meaning of terms used. 1 S. W. 264; 28 Ark. 372. The description could not be applied to any other tract than the land owned by Croom, and would be defi-

nite and certain to those familiar with the Croom twenty-three acres. ' 1 S. W. 295. Equity will correct any error that may have been made in the deed. 25 Ark. 373; 28 *id.* 373; 1 Story, Eq. Jur. secs. 11, 165.

*T. W. M. Boone* for appellee.

The deed is void for uncertainty. 1 S. W. 264, 295; 28 Ark. 372. 12 *id.* 421; 14 *id.* 38. No surveyor could locate the land from the description.

RIDDICK, J. (after stating the facts.) The only question for us to determine in the case is whether there was a sufficient description of the land in controversy in the sheriff's deed, and in the proceedings upon which the same is based. The constable who levied the writ of attachment described the land in his return as follows, to-wit: "The NE. part of SE. ¼ of SE. ¼ of section 16, township 6 north, range 30 west, 20.36 acres; also NE. part of SW. ¼ of SE. ¼ of said section, township and range, containing 2.95."

This description was copied into the judgment of the justice, the order of sale by the clerk, in the advertisement of the sale, and in the deed by the sheriff. Did it sufficiently designate the land in controversy?

The description in the return of the officer, and in the order of sale and deed, must be sufficient to identify the land, but parol evidence is admissible for the purpose of enabling the court to understand the terms used in the description. If, after the terms used are explained, it appears that, as commonly understood, they clearly designate the property, the description is sufficient. But the parol evidence must be directed to an explanation of the terms used ᵥin the description. The sale cannot be supported by showing what the sheriff intended to sell, when the description of the land in the deed and in the proceedings on which the sale is based is so defective that it cannot be ascertained therefrom

what land was levied upon and sold. Freeman, Ex. sec. 281; *Mason* v. *White*, 11 Barb. 187.

The return, order of sale and advertisement in this case describe the land as two tracts, one containing 20.36 acres and the other 2.95 acres. Each tract is said to be the northeast part of a certain sixteenth part of a section. The constable in his return does not show that this was all the land owned by defendant in that section, or state any fact by which the land that he levied upon can be located. We cannot tell from the description whether the tracts levied upon are in the shape of a square, parallelogram, or in that of a triangle. We do not know from the description whether the boundaries of these tracts are straight, curvilinear, or irregular.

No explanation of the language and terms of this description would enable us to ascertain the boundaries of the land from that alone. The constable may have levied upon, and the sheriff may have intended to advertise and sell, the land in controversy, but the description in the return, order of sale, advertisement and deed is not sufficient to designate the land, or to notify the owner and public of the sale of the land, and the sale is void.* Freeman, Executions, sec. 281; *Shoemaker* v. *McMonigle*, 86 Ind. 422; *Pfeiffer* v. *Lindsay*, 1 S. W. 265.

As the mistake was not only in the execution of the deed, but in the proceedings anterior to that, and upon which the sale was based, we think the court properly refused to reform the deed. The case of *Steward* v. *Pettigrew*, 28 Ark. 373, does not conflict with this ruling, for the execution debtor did not, in that case, complain of the sale, but, on the contrary, he ratified it, and for a valuable consideration agreed to correct the mistake. This fact brought that case within the rules that courts of equity follow in correcting mistakes made in the execution of voluntary conveyances and agreements.

---

*NOTE.—See *Schattler* v. *Cassinelli*, 56 Ark. 173. (Rep.)

1 Story's Equity, p. 165-179. While one of the ordinary duties of a court of equity is to furnish relief against mistakes in the execution of voluntary agreements and conveyances, as a rule, they refuse to aid the defective execution of statutory powers; "otherwise," as was said by Judge Story, "the whole policy of legislative enactments might be overturned." *Bright* v. *Boyd*, 1 Story, 487; note to *Bartlett* v. *Judd*, 78 Am. Dec. 136, and authorities there collated; *Mason* v. *White*, 11 Barb. 187.

The statute required the constable, in making his return of the levy, to describe the land upon which he levied. It was also necessary that the order of sale should sufficiently describe the land ordered to be sold; for, without this, the sheriff had no power to sell. As this was not done, and as the defective description was copied by the sheriff in his advertisement and deed, the sale and deed were void, and beyond the power of a court of equity to cure.

The decree of the circuit court is therefore affirmed.