### W. H. CHANEY ET AL. v. NANCY J. SAUNDERS ET AL.

Decided November 10, 1900.

1. Trespass to Try Title—Undivided Interest—Recovery from Defendants Owning in Severalty.

Where plaintiffs sued for an undivided interest of 155 acres out of a survey of 640 acres owned by a number of defendants claiming different parts in severalty it was error to adjudge that plaintiffs' entire recovery should be taken from the parts owned by only two of the defendants, since plaintiffs were entitled to recover only a proportional interest in each acre of the whole survey.

2.  **Deed of Partition With Warranty—Subsequent Purchaser Without Notice.**

Where a deed is regular in form and purports to convey the land absolutely, a subsequent purchaser from the grantee therein who has no notice that the deed was made in partition may rely on the warranty and consideration as recited therein.

APPEAL from Erath.  Tried below before Hon. J. W. PARKER.

*J. M. Carter* and *A. P. Young*, for appellants.

*B. F. Cook*, for appellees.

CONNER, CHIEF JUSTICE.—Appellees instituted this suit January 2, 1900, against appellants W. H. Chaney and J. A. Carter, and M. H. Dowdy, C. R. Duncan, and J. B. Mayfield, for an undivided interest of 155 acres of land out of the James Boyce 640-acre survey situated in Erath County, Texas.  The petition alleged that the defendants were in possession and claimed title to the several subdivisions of said Boyce survey particularly described therein; appellants Chaney and Carter being alleged to be so claiming 155 acres out of the northwest corner described by metes and bounds.  There was a general prayer for judgment and partition against all of the defendants named.

The defendants disclaimed as to all parts of the Boyce survey save the parcels severally claimed by them as described in appellee's petition and the several answers, plead not guilty, and also specially.  Dowdy, Mayfield, and C. R. Duncan specially plead a parol partition of the Boyce survey participated in and acted on by appellee Nancy J. Saunders, whereby it was alleged she accepted and acquired as her share the 155 acres claimed by appellants Chaney and Carter.  Appellants Chaney and Carter plead specially the execution of a deed by appellee and her husband of date December 29, 1875, purporting to convey the 155 acres claimed by said appellants to one W. C. Bishop, through whom, by mesne conveyances, they claimed.  These appellants also vouched in C. R. Duncan upon a general warranty of title given in a deed executed December 17, 1883, by L. A. Cargile, Henry Duncan, John Duncan, and C. R. Duncan, conveying said 155 acres to W. C. Bishop.  Appellees in reply denied the averments of the general and special pleas named.  The trial resulted in a judgment in favor of appellee Nancy J. Saunders against appellants Chaney and Carter for an undivided interest of 72 acres in the 155 acres claimed by them; but in favor of Dowdy, Mayfield, and C. R. Duncan upon all issues wherein they were involved.  Appellants Chaney and Carter alone are complaining of such judgment.

The errors assigned are (1) that appellee was adjudged a greater quantity of land out of the 155 acres claimed by Chaney and Carter than she was entitled to; and (2) that the court was in error in refusing judgment on the warranty of C. R. Duncan.  We are of opinion that both assignments must be sustained.

The facts, giving them in their chronological order, are that the

James Boyce 640-acre survey was the community property of one C. B. Duncan and his wife, L. A. Duncan. Some time prior to the year 1875, C. B. Duncan died, his widow, who afterwards became L. A. Cargile, and his children, John, Henry, Nancy J. (appellee herein), Lucy, and C. R. Duncan surviving him. In the year 1875 a parol partition of the James A. Boyce survey was made in which appellee Nancy J. Saunders and her husband accepted and received 100 acres of the 155 acres claimed by appellants Chaney and Carter, the widow receiving 100 acres now claimed by C. R. Duncan, she declaring that this was all she desired. This partition seems to have been a fair one, and to have been acted upon by all the interested parties. Appellee Nancy J. Saunders, joined by her husband, on December 29, 1875, made, or attempted to make, a deed conveying her 100 acres to W. C. Bishop. It appears that appellee received and used the consideration for this conveyance, but that in fact the deed was insufficient by reason of a defective acknowledgment, not necessary to here particularly notice. In 1882 Lucy Duncan died unmarried and without issue. Thereupon a readjustment of the claims of the survivors seems to have been made in which C. R. Duncan received 20 acres and appellee Nancy J. Saunders received 35 acres of land adjoining the 100 acres then claimed by W. C. Bishop under said defective deed from Nancy J. Saunders, the whole now constituting the 155 acres claimed by appellants Chaney and Carter. In this condition of the title on December 17, 1883, L. A. Cargile, the surviving wife, John, Henry, and C. R. Duncan joined in the execution of a regular warranty deed to W. C. Bishop conveying to him, for a recited consideration of $426.25, the 155 acres in controversy. On the same day similar deeds were made to other claimants of specific portions of the Boyce survey. The proof was, and the jury specially found, that appellants Chaney and Carter had no actual notice of said parol partition; nor does it appear that they had any notice of the readjustment in 1883, or of the fact that the deeds of December 17, 1883, were intended as partition deeds.

We think it clear that appellee was not entitled to 72 acres of the 155 acres claimed by appellants. In no state of the case was she authorized to recover otherwise than as claimed in her petition. She sued for but an undivided interest of 155 acres in 640 acres, viz., 155/640 of each acre to which claim was asserted as stated in her petition. This amounted to but an undivided interest of 37½ acres, approximately, in appellant's land. The proof, however, failed to establish a right in her to this quantity. She testified that she had received the interest inherited from her mother, who died in 1889, and was suing for the interest inherited from her father and deceased sister alone. Besides the mother, L. A. Cargile, had conveyed, as against appellants without notice of the parol partition, her interest or apparent interest, by the deed of December 17, 1883. See Allday v. Whittaker, 66 Texas, 669. So that the quantity to which appellee was entitled under the proof was 72 acres out of the entire survey, or 72/640 of each parcel claimed by the several defendants in the suit; 72/640 of the 155 acres involved on this appeal is, approximately, 17½ acres. We see no reason why appellee should have

been given the entire interest inherited from her father and deceased sister for which she sued, out of the parcel owned by appellants, as was apparently done in the judgment. The case made by her petition was not upon the parol partition claiming the entire parcel, but for an undivided interest in the entire survey. Appellee makes no complaint here of the judgment in favor of other claimants, and the judgment below must be construed as an adjudication against her of all her interest in the Boyce survey save the undivided interest of 17½ acres in the 155 acres held by appellants.

We are of opinion also that appellants under the circumstances were entitled when they purchased to rely upon the warranty and consideration as recited in said deed of L. A. Cargile, C. R. Duncan, and others to Bishop in 1883. As stated, it was in regular form, purported to convey the land absolutely, and neither from its face nor otherwise were appellants affected with notice of the parol partition, or that said deed was a deed in partition merely. See case cited supra, and Allison v. Pitkin, 11 Texas Civ. App., 655.

These views bring us to the conclusion that appellee should recover of the appellants Chaney and Carter an undivided interest of 17½ acres in the 155 acres described in their answer, and that said appellants should recover of appellee C. R. Duncan on his said warranty a sum bearing the same proportion to the said recited consideration of $426.25, as the 17½ acres recovered by appellee Saunders bears to the entire parcel of 155 acres claimed by appellants, to wit, the sum of $48.12½. And inasmuch as appellee appears to have abandoned or waived her right to have partition made as provided by the statute, and no other necessity appearing why the cause should be remanded, the judgment below is here reformed and rendered, so as to accord with the rights of appellants and appellees as above indicated; the costs of this appeal being adjudged against appellee Nancy J. Saunders. In other particulars the judgment is affirmed.

*Reformed and rendered.*