MRS. CORRIE CAUSEY ET AL. v. E. W. HANDLEY ET AL.

Decided November 28, 1906.

1.—Absolute Deed Intended as Mortgage—Innocent Purchaser.

A husband and wife duly executed a deed, absolute in form with covenant of general warranty, to an urban homestead, the separate property of the wife, for the purpose of securing a loan; the deed was duly placed on the deed records of the proper county. The grantee in the deed sold said property to a third party, who, before buying, had the title examined by an attorney, and who had no notice whatever of the fact that the deed was intended as a mortgage; nor of any fact that would put him upon inquiry in that direction. Held, said third party took good title to said property as against the surviving wife.

2.—Same—Possession by Vendor.

The fact that the husband was in possession of the premises at and before the time the sale was consummated (the wife being temporarily absent) did not affect the good faith of the purchase, the husband explaining his possession by saying he was agent for his grantee, and voluntarily moving out and giving possession of the premises to said third party.

Appeal from the District Court of Colorado County. Tried below before Hon. Mumford Kennon.

*Will Williamson, Jno. W. Davidson* and *Lively & Stanford,* for appellants.—When the grantor in a deed absolute on its face conveying homestead property for less than half its known value remains in possession of said property after the delivery of said deed, and afterwards asserts a pecuniary interest in the proceeds of the sale of the property by his grantee, and such grantor assumes the right to make the sale, fix the price and terms; a purchaser from the grantee, knowing these facts, has notice sufficient to put him upon inquiry as to the rights of such grantor, and as to whether said deed was intended only to operate as a mortgage or not. Brown v. Wilson, 29 S. W. Rep., 530; Collum v. Sanger Bros., 11 Texas Ct. Rep., 78; Watkins v. Edwards, 23 Texas, 443.

In reference to innocent purchasers for value there are two kinds of notice known to the law—the one actual, and the other constructive. The registry laws of this State are but constructive notice. When the party affected is shown to have had actual knowledge of the fact, or where he has knowledge of any facts or circumstances which would put an ordinarily prudent person upon inquiry, and the exercise of ordinary diligence in pursuing such inquiry would lead to a knowledge of the fact or facts —this is actual notice and the party is held to have known the result of such inquiry, had it been made. Gaston v. Dashiell, 55 Texas, 517; Smith v. James, 54 S. W. Rep., 41.

*Foard, Thompson & Townsend* and *W. S. Strickland,* for appellee Handley.—Where one by representation or act leads another to believe that the title to the property is in a third party and allows the third party to deal with the property as his own, and induces such other person by his acts and representations, to purchase the property from the apparent owner, he is estopped from claiming said property. Burleson v. Burleson, 28 Texas, 415; Texas Banking Co. v. Hutchinson, 53 Texas, 68; Stafford v. Stafford, 71 S. W. Rep., 984; Kempner v. Huddleston, 90 Texas, 186.

A married woman is no more permitted to perpetrate a fraud in the sale of her property than a feme sole. Walker v. Stringfellow, 30 Texas, 573.

The law contemplates that owners of land will place evidence of title on record, in order that all persons dealing with it may inform themselves and a failure to do so will result in loss to the owner, if the land passes to an innocent purchaser, for value. Smith v. Crosby, 86 Texas, 22; Lewis v. Johnson, 68 Texas, 450.

Where the grantee acts in good faith in dealing with the husband a deed to a homestead will not operate simply as mortgage, because the wife so intended it, and the wife, or the widow, can not contradict the recitals in the deed to defeat purchaser's title by evidence of secret undisclosed intentions. Brewster v. Davis, 56 Texas, 480, 481; Rose, Notes, vol. 3, p. 136; Gray v. Shelby, 83 Texas, 407; Rose, Notes, vol. 4, p. 508; McDonald v. Harrel, 1 Posey U. C., 520.

The wife can not defeat a conveyance by showing that she did not understand the import of the instrument at the time she acknowledged the same. Miller v. Yturria, 69 Texas, 552; Texas Land Co. v. Blalock, 76 Texas, 88; Adams v. Pardue, 36 S. W. Rep., 1018; Rose, Notes, vol. 3, p. 912.

The fraud of the husband in obtaining his wife's signature to a deed, or the failure of the officer, taking her acknowledgment, to explain it to her, will not avoid the deed, which appears to be properly executed and acknowledged, in the absence of testimony connecting the purchaser with such wrongs, or showing knowledge thereof on his part. Pool v. Chase, 46 Texas, 207; Williams v. Pouns, 48 Texas, 141; Davis v. Kennedy, 58 Texas, 518; Rose Notes, vol. 3, p. 230; Webb v. Burney, 70 Texas, 325.

The acknowledgment of written instrument is the adoption and recognition of every word therein. Newton v. Emerson, 66 Texas, 145.

A purchaser, who negotiates with the husband for the homestead, or wife's separate property, may assume that a properly executed and acknowledged deed, is such in fact, and more than one witness is necessary to prove deed was a mortgage. Stringfellow v. Swenson, 63 Texas, 12; Piece v. Fort, 60 Texas, 464, 472.

Possession of the homestead by vendors after a deed, absolute in form, to convey title, properly acknowledged and duly registered, conveying away their title is not notice intended as a mortgage, and the purchaser is not required to look beyond the records and may rely thereon. Eyler v. Eyler, 60 Texas, 318; Hurt v. Cooper, 63 Texas, 366; Smith v. Miller, 63 Texas, 75; Love v. Breedlove, 75 Texas, 652; Ramirez v. Smith, 94 Texas, 184.

The mere fact that the consideration in purchase of land is less than full value, does not make the deed thereto a mortgage, or authorize its cancellation. Baker v. Westcott, 73 Texas, 133; Heirs of Tutt v. Morgan, 42 S. W. Rep., 578, 46 S. W. Rep., 122; Lewis v. Whitworth, 54 S. W. Rep., 1078; Webb v. Burne, 70 Texas, 326; Hickman v. Hoffman, 33 S. W. Rep., 257.

FLY, ASSOCIATE JUSTICE.—Mrs. Corrie Causey, for herself, and as next friend of her minor children, Maggie and Lorena Causey, instituted this action to recover a house and lot in the town of Eagle Lake, Colorado County, Texas. In addition to the statutory allegations required in actions of trespass to try title, it was alleged that the land in controversy had been the homestead of Mrs. Causey and her husband, who died in January, 1904, and that she, at the request and solicitation of her said husband, in July, 1903, joined her husband in the execution of a certain instrument, which he assured her was a deed of trust or mortgage to secure Joe Waddell in the sum of four hundred dollars borrowed by her husband from said Waddell, that said instrument was not given as a deed but merely to secure said debt. Handley pleaded that he had in good faith, without notice of the instrument being anything but a warranty deed, purchased the house and lot from Waddell and wife for a valuable consideration and asked that they be made parties. Waddell answered that he had bought land from Causey and wife and denied that the deed was a mortgage. The cause was tried by the court, and judgment rendered in favor of Handley for the land.

We adopt the findings of fact made by the district judge as follows:

"The plaintiff, Mrs. Corrie Causey, acquired the property in controversy from Dr. R. B. Longmire, by general warranty deed, dated November 17, 1902, said deed being acknowledged in proper form, and reciting a consideration of five hundred dollars cash, and properly recorded in the deed records of Colorado County, Texas, the county in which said property is situated.

"The plaintiff, Mrs. Corrie Causey, executed a general warranty deed to said premises to J. F. Waddell of date July 8, 1903, said deed reciting a consideration of four hundred dollars cash and acknowledged in legal form for conveyance of homestead and wife's separate property, said deed being properly recorded in said Colorado County, Texas.

"J. F. Waddell and wife on October 7, 1903, executed general warranty deed to said premises, properly acknowledged by both parties, with wife's separate acknowledgment in statutory form to convey title to homestead or wife's separate property, to defendant E. W. Handley, said deed reciting a consideration of $1,050 cash and properly recorded in the deed records of said county.

"The deed from Causey and wife to Waddell was intended as a mortgage by the parties thereto, but was in the form of a general warranty deed, properly executed, delivered and recorded.

"The defendant, E. W. Handley, when he purchased said property from defendant Waddell and wife had no notice of the real facts, intention and circumstances of the transaction between said Causey and wife and defendant Waddell, under which the latter acquired the deed to said property from said Causey and wife, which constituted said deed a mortgage,

and that he, defendant Handley, had a knowledge of no fact or facts which would put a person of ordinary prudence upon inquiry as to said real facts and circumstances. That said defendant Handley purchased said property from defendant Waddell and wife in good faith and for a valuable consideration. Defendant Handley purchased said property for a homestead, took possession of same shortly after date of his deed and has since occupied same as his homestead and made additional improvements thereon, and was never informed of plaintiff's claim thereto until after this suit was filed."

The instrument executed by Causey and wife to Waddell was on its face an absolute deed, containing a general warranty clause and reciting a consideration of $400 paid by Waddell. That deed was acknowledged by Causey and wife, as required by law in conveying a homestead, and was duly recorded. At the time it was sold and conveyed to Handley, he had no notice of any agreement between Causey and wife and Waddell that would give the deed the character of a deed of trust or mortgage. He paid a valuable consideration for the land without notice of any claim of Causey and wife. It is true that Causey was in the possession of the place, although his wife was absent and had been for several weeks before the sale to Handley was consummated. Causey explained his possession of the place by stating that he was the agent for Waddell. He moved out of the house and gave Handley possession. Handley employed an attorney to examine the title to the land and was informed by him that the title was perfect, as the county records disclosed. Handley did all that the law required of him.

"That all persons who may deal with persons claiming land may have the means of knowing in whom titles to land rest, and that no one may buy what appears to be a good title, when another person may have better right not made public, the law requires all persons, for the protection of innocent purchasers and creditors, to register their titles to land. Such being the case, can it be said, even if possession is sufficient in all cases to put purchasers upon inquiry, that such inquiry is not prosecuted sufficiently when the person who desires to buy examines the records of the county and finds on record a deed from the person in possession to the person who offers to sell, and who under that deed asserts title? If the inquiry is prosecuted to the highest source which the law of the land declares shall exist for the determination of title, and to the source which the parties have created as the highest evidence of their respective rights, can it be true that it is further necessary to examine sources inferior and make inquiry as to whether or not there are claims, or even rights, in others not evidenced as the law requires, or otherwise the purchaser be charged with constructive notice of secret vices in the title which he buys? To so hold, we are of the opinion, would be to strike at the very foundation of the policy upon which registration laws rest."

The quotation is made from the opinion in Eylar v. Eylar, 60 Texas, 315, a case very similar in its facts to the one now under consideration, and its authority has been recognized in numerous decisions. (Smith v. Miller, 63 Texas, 72; Hurt v. Cooper, 63 Texas, 362; Heidenheimer v. Stewart, 65 Texas, 321; Love v. Breedlove, 75 Texas, 649; Ramirez v. Smith, 94 Texas, 184; Graves v. Kinney, 95 Texas, 210; Watkins v.

Sproull (Texas Civ. App.), 28 S. W. Rep., 356; Hickman v. Hoffman, 11 Texas Civ. App., 605; Breneman v. Mayer, 24 Texas Civ. App., 164; Cooper v. Ford (Texas Civ. App.), 69 S. W. Rep., 487.)

If, as Mrs. Causey swore, her husband represented to her that the instrument was a mortgage and thereby perpetrated a fraud on her, Handley can not be made to suffer for it. He knew nothing of the false representations, and being innocent of any fraud should not be made to bear the brunt of it. (Hickman v. Hoffman, 11 Texas Civ. App., 605, and authorities therein cited.)

Our adoption of the findings of fact of the trial court disposes of the first and second assignments of error, which complain of such findings. The findings of fact are fairly deducible from the stenographer's report of the evidence adduced at the trial.

The third and fourth assignments of error complain of the conclusions of law of the trial judge and are fully met by the law as enunciated in this opinion. The judgment is affirmed.

*Affirmed.*