HOWARD v. McBEE.

(Court of Civil Appeals of Texas. Austin. April 5, 1911. On Motion for Rehearing, June 7, 1911.)

1. APPEAL AND ERROR (§ 522*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—BILL OF EXCEPTIONS—SUFFICIENCY.

Where the bill of exceptions complaining of the exclusion of instruments offered in evidence does not contain a copy of the instruments, nor disclose the objections made to their admissibility, the court on appeal will not review the question of the admissibility, though copies of the instruments are incorporated in the statement of facts, not referred to in the bill of exceptions, and though the statement of facts may be considered in connection with the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2367–2371; Dec. Dig. § 522.*]

2. APPEAL AND ERROR (§ 559*) — RECORD — STATEMENT OF FACTS.

It is not proper to incorporate in the statement of facts copies of instruments offered in evidence, but excluded.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 559.*]

On Motion for Rehearing.

3. APPEAL AND ERROR (§ 714*)—QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE—OBJECTIONS TO EVIDENCE.

A defect in a bill of exceptions, complaining of the rejection of instruments offered in evidence, arising from a failure to state the grounds of objections, is not cured by statements in appellee's brief, showing the objections to a part of the instruments only, and the ruling is not reviewable on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2958–2963; Dec. Dig. § 714.*]

Appeal from District Court, San Saba County; Clarence Martin, Judge.

Action by W. H. Howard against J. A. Mc-Bee. From a judgment for defendant, plaintiff appeals. Affirmed.

G. W. Walters and Leigh Burleson, for appellant. P. M. Faver, A. B. Wilson, M. F. Allison, and N. C. Walker, for appellee.

RICE, J. This action was brought in trespass to try title by appellant against appellee to recover 150 acres of land, situated in said county. Appellee, after general demurrer and general denial, filed a plea of not guilty. Upon trial before a jury the court instructed a verdict in behalf of defendant, and judgment was entered in accordance therewith.

[1, 2] Appellant sought to deraign title through an execution sale founded upon a judgment rendered in the district court of McCulloch county at its May term, 1886, wherein Leon & H. Blum recovered judgment for the sum of $359.25 against M. C. V. Moore, J. J. Moore, J. A. McBee, and J. C. Hayden, which judgment was thereafter, on the 19th day of April, 1898, by written transfer duly filed among the papers of said cause, assigned by B. Adoue, assignee of Leon & H. Blum, to W. H. Howard, appellant. This judgment, together with the first execution issued thereon under date of December 6, 1886, was offered and read in evidence; but upon appellant's offering three subsequent executions issued thereon, together with the sheriff's deed conveying the land to appellant, objection was made to their introduction, which was sustained, and said executions, together with the return thereon, as well as said deed, were excluded, to which appellant duly excepted, and this action of the court forms the basis of appellant's assignment of error; but the bill of exception, however, taken to the ruling of the court thereon, fails to recite or in any way show what objection was urged thereto by appellee. The bill does not contain a copy of either of said executions, the sheriff's return thereon, nor a copy of the deed; nor is there anything disclosed in the bill showing what objection was made to the introduction of said executions and deed when offered. It is true that copies of these papers are incorporated in the statement of facts; but the same are not referred to in the bills of exception, nor was it proper that the same should be so incorporated therein.

But even if we could consider the statement of facts in connection with the bills of exception, still there is nothing in the entire record, when so taken, showing or tending to show what objection, if any, was made to the introduction of these papers on the part of appellee. This being the state of the record, we are not permitted under the law to review the question here attempted to be raised. See International & Great Northern R. R. Co. v. Holzer, 127 S. W. 1062; M., K. & T. Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; R. Co. v. Dodson, 97 S. W. 524; Linn v. Waller, 98 S. W. 431. In the Jarrell Case, supra, after discussing the question at length, the court held that where the bill simply states that the party objected, or that objection was made, the bill will be insufficient to form the basis of review, upon the ground that it does not state the objection made to the testimony.

For the reasons above indicated, the question presented cannot be considered by us. Finding no error in the record, the judgment of the court below is in all things affirmed.

Affirmed.

On Motion for Rehearing.

[3] While admitting the correctness of the rule requiring bills of exception to set forth

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the objection made to the introduction of testimony by the adverse party, appellant insists that this defect in his bill of exceptions is cured by the statement in appellee's brief showing what objections were in fact made by him as a basis for the exclusion of the proffered testimony. This contention is only correct with reference to the exclusion of the several executions and return of the officer offered in evidence; but theré is no statement whatever in his brief relating to the objections made by him to the introduction on the part of appellant of the deed upon which plaintiff relied to show title to the land in controversy. This being true, appellant's motion for rehearing presents no reason for a change in our opinion so far as the introduction of the deed is concerned; and, upon investigation of the objection made to the introduction of the sheriff's return showing the levy, we believe that the objection made, as shown by statements in the brief, is well taken, based upon the following authorities: Article 2344, R. S. 1895; Sanger v. Trammell, 66 Tex. 361, 1 S. W. 378; Pfeiffer et al. v. Lindsay, 66 Tex. 123, 1 S. W. 264; Allday v. Whittaker et al., 66 Tex. 669, 1 S. W. 794; Freeman on Executions, art. 281; Tatum v. Croom, 60 Ark. 487, 30 S. W. 885; Waters v. Duvall, 11 Gill & J. (Md.) 37, 33 Am. Dec. 695; Berry v. Griffith, 2 Harris & G. (Md.) 337, 18 Am. Dec. 312.

In this case the return in our judgment is not sufficiently definite to describe the property levied upon, and therefore the objection on this score was well taken.

For the reasons heretofore stated in the written opinion, as well as those herein mentioned, the motion for rehearing is in all things overruled.