## HEID BROS., Inc., v. DAWSON.
### No. 3674.

Court of Civil Appeals of Texas. El Paso.
April 28, 1938.

Rehearing Denied May 19, 1938.

C. W. Croom, of El Paso, for plaintiff in error.

McBroom & Clayton and William E. Clayton, all of El Paso, for defendant in error.

NEALON, Chief Justice.

The parties hereto will be designated as they were known in the trial court. Heid Bros. Inc., a corporation, as plaintiff, sued Jack Dawson, as defendant, for the possession of certain personal property which once belonged to C. F. Millerlie. Judgment was rendered in favor of defendant. From this judgment plaintiff prosecutes this writ of error. It appears that on July 3, 1935, plaintiff recovered judgment against C. F. Millerlie in the sum of $747.35, and on the 14th day of July, 1936, caused execution to issue. Plaintiff claims title, therefore, under sheriff's sale made on August 4, 1936, and insists that its title is superior to that of defendant because it was a purchaser from C. F. Millerlie, plaintiff's judgment debtor, and Millerlie and defendant had failed to comply with the Bulk Sales Law. However, the petition does not show an attempt to recover the property or its value for the creditors of Millerlie whose claims were subsisting at the time of the alleged sale, or to declare defendant a receiver as to said property, but alleges superior title in plaintiff as a result of its purchase at the sheriff's ·sale, and seeks to recover for plaintiff the property, or, in the alternative, the value thereof and its rental value. It alleges, in effect, non-compliance with the Bulk Sales Law, Vernon's Ann.Civ.St. arts. 4001–4003, merely as constituting an infirmity in defendant's title that made defendant's claim subordinate ·to plaintiff's. Defendant filed a plea of general denial. In a case so stated it becomes necessary for plaintiff to prove that it has title. The sheriff's return recites that he executed the process by levying upon the property described upon the 20th day of July, 1936, and sold the same on the 4th day of August, 1936, to plaintiff for the sum of $250. The recitals in the return imply an actual seizure of the property under the process. Defendant claimed title under Millerlie and J. J. Keevil under sales alleged to have been made prior to the alleged levy of the execution. The Court filed findings of fact. It found that at the time of the alleged levy and for a considerable time prior thereto and thereafter defendant was in possession of the property. These findings are not attacked. Therefore, there could have been no actual seizure of the property by the sheriff. Actual seizure is necessary in order to constitute a valid levy as against a fraudulent transferee. Kessler v. Halff, 21 Tex.Civ.App. 91, 51 S.W. 48, writ of error denied. Defendant's purchase not having been made subsequent to the sale, he was not in privity with the judgment debtor (Morrison v. Cloud, Tex.Civ.App., 13 S.W.2d 735); and, therefore, the sheriff's return was not conclusive as to him. Sanger Bros. v. Trammell & Co., 66 Tex. 361, 1 S.W. 378. There being no valid levy, there was no lawful sale. Consequently plaintiff did not acquire title.

Despite the showing made as to violation of the Bulk Sales Act, Vernon's Ann. Civ.St. arts. 4001–4003, we think that under the pleadings and evidence and the unchallenged findings of the trial court, judgment must be affirmed.

Affirmed.