Dewey, J.
The demandant derives title under a conveyance from the tenant, of date of April 2, 1826, to Harvey Blake, and a conveyance by the assignee of the grantee, Blake, who was authorized to convey all his right and title in the demanded premises.
The documentary evidence establishes a good title in Blake, the insolvent, in April, 1826, and the further question is, whether such title has been defeated or lost.
The tenant, in his defence, relies upon a subsequent title acquired by disseisin. To sustain this, he shows those acts of open, notorious, exclusive, adverse possession, for a period more than twenty years, which would be amply sufficient, in ordinary cases, to establish such adverse possession as, under our statutes, would bar a writ of entry to recover the same.
It is then insisted by the demandant, that, from the peculiar relation in which the tenant stands as to this title, he cannot set up the defence of an adverse possession, to defeat the same. In other words, that, having been the grantor of the premises to Blake, in 1826, he is estopped from denying the title of Blake or those claiming under him.
The first error of this position or ground of estoppel is, that it assumes what is not in fact true. The proposed defence does not impeach the deed to Blake. It admits its full force and effect as a valid deed. It concedes that, at its date, a good title passed to the grantee by virtue of it. The whole foundation of the defence rests upon an after-acquired title by the tenant, or subsequent acts, devesting the grantee of his interest in the premises. Full effect is given to the deed of the tenant to Blake, when it is held to vest the absolute title in Blake at its delivery, and that it estops the tenant from setting up any other title as then held adversely. The grantor, in such ease, may show a subsequently acquired title from his grantee, and it is no answer to an alleged disseisin, or a bar by more than twenty years adverse possession, that the disseisor, previous to his entry and the commencement of his adverse possession, fully acknowledged the title of the disseisee. Such *502 was the case of Sumner v. Stevens, 6 Met. 337; Barker v. Salmon, 2 Met. 32.
All that is necessary to be shown is an adverse and exclusive possession of twenty years, and this being shown, constitutes a good defence to the action. The act, in such a case as the present, must be clear and unequivocal, as a possession claiming title adverse to the true owner, but if shown, it is a good bar to an action by him who has only a good paper title.
Secondly, it is urged that the covenants of warranty in the deed of the tenant to Blake, estop him from setting up this defence, and that they may be relied on as a rebutter, to avoid circuity of action.
The principle of rebutter is one of frequent application, and, in proper cases, is to be allowed as a good bar.
Thus if A. by his deed conveys to B. land, with covenants of warranty, not having in fact the title, but subsequently acquires the title, such subsequently acquired title enures to the benefit of B., the grantee, by reason of the covenants of warranty of A.
But it will readily be perceived that the foundation of this rule rests upon the fact that the party thus conveying with warranty had not the title he professed to convey, and was liable therefor on his warranty. But such was not the case here. It was a good title that was conveyed, and there was no breach of any covenant, and, of course, no ground for estoppel against the tenant by reason of his covenant with warranty.
2. As to the objection to the admission of the declarations of Blake, in June, 1826, that they were inadmissible because they tend to invalidate the deed under which he then held, and for the further reason, that their admission is in violation of the rule which excludes parol testimony offered to contradict written documents, these grounds are, in the opinion of the court, untenable. The declarations of Blake, offered in evidence, apply to a period after the making of the deed to him. The title may have been in him at the date of the deed, and yet it may be true that, at the date of these admissions, *503 three months after, he had relinquished all claim, and yielded to the tenant, disavowing any title in himself. It was certainly competent evidence as bearing upon the question of adverse possession in the tenant, under a claim of right. It tended to establish such adverse possession with the knowledge of Blake, and to show his acquiescence in such adverse claim.
3. The further ruling of the court, excluding the declarations of Blake, after twenty years adverse possession, and after he had become the subject of proceedings in insolvency, and his interest passed to an assignee, was also correct.
The result is, that all the exceptions are overruled.

Judgment for the tenant.