## GRIFFITH v. WYNNE. (No. 8596.)

(Court of Civil Appeals of Texas. Dallas. Dec. 3, 1921. Rehearing Denied Jan. 14, 1922.)

1. Estoppel ⟠48—Vendor and purchaser ⟠334(7)—Grantor's second conveyance of portion of land to one acquiring title by adverse possession not fraud on first grantee, entitling him to recover for deficiency.

Where grantor executed warranty deed conveying a specified number of acres and put grantee in possession of the land, but thereafter, and after such deed had been placed of record, executed a quitclaim deed to a portion of the land previously conveyed by warranty deed to third person, who took possession and acquired title by adverse possession, the grantee under the warranty deed could not recover the loss sustained from the grantor on theory that his acts constituted a fraud upon the title conveyed, since the general covenants of warranty extended merely to defects existing in the title at the time of the execution of the deed, and did not preclude grantor from thereafter acquiring title to all or any portion of land by devise, purchase, inheritance, gift, or by adverse possession under the statute of limitations.

2. Limitation of actions ⟠28(1) — Two-year statute of limitations applicable to grantee's action for loss caused by grantor's subsequent conveyance to third party.

Grantee's cause of action, if any, against grantor, who after execution of deed conveyed a portion of the land to third party, came within the two-year statute of limitations prescribed for actions "for debt where the indebtedness is not evidenced by contract in writing."

3. Limitation of actions ⟠104(2) — Grantee who permitted grantor's subsequent grantee to acquire title by adverse possession could not avoid statute of limitations by grantor's fraudulent acts.

Where grantor, after execution of deed, conveyed a portion of the land to third party, who took possession and acquired title by adverse possession as against grantee, the grantee, in action for fraud against grantor, could not avoid the effect of the statute of limitations by alleging certain fraudulent acts on the part of grantor whereby he was prevented from discovering the alleged fraudulent acts and conduct on the part of the grantor in reference to conveyance of land to third party, since third party's possession of the land was sufficient to put grantee upon inquiry.

---

⟠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Notice &#9096;=6—Whatever is notice enough to excite attention is notice of what might have been discovered by inquiry.**

Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is also notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Petition by W. C. Griffith against W. B. Wynne. Judgment of dismissal, and plaintiff appeals. Affirmed.

Thomas R. Bond, of Terrell, for appellant. Wynne & Wynne, of Kaufman, for appellee.

VAUGHAN, J. One Thomas L. Sawyer, as plaintiff, filed his petition on the 12th day of April, 1918, in the court below, against one W. C. Griffith as defendant, alleging, in effect, that plaintiff, on the 24th day of July, 1911, purchased from said defendant 309.2 acres of land situated in Van Zandt county, Tex.; that said defendant showed said plaintiff the land, and stated and represented to him at the time that same contained 309.2 acres, and that he (plaintiff) relied on said representations of said defendant in buying said land, etc., which was purchased by said plaintiff for the sum of $6,000, or $19.40 per acre; that said plaintiff failed to convey to said defendant the full complement of 309.2 acres; that said plaintiff had no reason to believe that said tract contained a less number of acres until the year 1917, when he discovered by a survey of said tract of land that same only contained 267.64 acres, there being a shortage, in fact, in said tract of land of 41.56 acres, whereby said plaintiff was caused a loss and damage in the sum of $810.42.

Said defendant W. C. Griffith filed his answer May 27, 1918, consisting of general exception, general denial, and special plea making his immediate vendor, W. B. Wynne, a party defendant to said suit. Wynne filed his plea of privilege to be sued in Van Zandt, the county of his residence, and, subject thereto, his answer, consisting of general demurrer, general denial, and certain special pleas.

Trial was had between said parties, resulting in the trial court sustaining the plea of privilege of said W. B. Wynne and ordering said cause as to him transferred to Van Zandt county, and rendering judgment in favor of plaintiff (Sawyer) against the defendant W. C. Griffith for the sum of $810.42. Said cause was appealed by the defendant Griffith to this court, resulting in the judgment of the court below being affirmed as against the defendant Griffith (appellant in said appeal), and reversed and remanded as to W. B. Wynne on the ground that the court erred in sustaining the plea of privilege filed by said Wynne, etc. For a full report of the proceedings had in the court below, as well as in the Court of Appeals, as between said parties, Griffith, Sawyer, and Wynne, see Griffith v. Sawyer et al., 221 S. W. 687.

After said cause had been reversed and remanded said W. C. Griffith filed in the trial court, on December 1, 1920, what is termed "plaintiff's second amended original petition," amending his amended answer against W. B. Wynne; the litigation from this time being only between W. C. Griffith as plaintiff (appellant in this appeal) and W. B. Wynne as defendant (appellee in this appeal). In view of the fact that the cause was determined by the trial court sustaining general and special exceptions urged by appellee to appellant's petition, we deem it advisable to here quote the following material allegations from said petition:

"This plaintiff says that he purchased said tract of land on December 26, 1907, from W. B. Wynne, who on that date executed to this plaintiff his general warranty deed conveying to this plaintiff, W. C. Griffith, the 309.2 acres, and represented to this plaintiff that said tract of land contained that number of acres and there was that number of acres, as represented, in fact, a few acres in excess of the 309.2 acres, to wit, about 5 acres excess. This plaintiff says that he immediately placed his deed (made him by W. B. Wynne), on December 5, 1908, upon the deed records of Van Zandt county, Tex.; that at the time and ever since said date this plaintiff resided in Terrell, Kaufman county, Tex., about 35 miles distance from said tract of land. * * * This plaintiff says that, said tract of land being a considerable distance from his home, inaccessible, plaintiff only went upon it few times after he purchased it, first few years, and inspected it, and each time he inspected it found no adverse occupants or claimants to any portion of it. In fact, this plaintiff says that he had no reason to suspect that there would be any adverse occupants or claimants to any portion of the land, because he had relied upon the utmost and in addition thereto had the record title to said land examined by a competent attorney from an abstract furnished by W. B. Wynne, and the title so examined at the time of the purchase proved to be a good title satisfactory to plaintiff's attorney, * * * and at the time of the sale of said tract of land to this plaintiff W. B. Wynne had a good title thereto, as shown by the abstract furnished, and there was in reality 309.2 acres in the tract. * * *

"The defendant, W. B. Wynne, well knowing that he had previously conveyed the said tract of land to this plaintiff, and with full knowledge and notice that this plaintiff was the owner of said tract of land, conveyed as heretofore alleged, did on the 26th day of May, 1909, represent to one J. C. Fields that he was the owner of the following described tract of land, a part of the Jno. Blair survey in Van Zandt county, Tex. [here follows the field notes properly de-

scribing by course and distance 48 acres of land, part of the 309.2 acres described in the deed executed by appellee Wynne to appellant, Griffith], and on said date the said W. B. Wynne sold and conveyed by written deed the said 48 acres, with full notice and knowledge that the 48 acres was a part of the land previously conveyed to this plaintiff by him, and he sold and conveyed said tract of 48 acres for the sole and only purpose of defrauding this plaintiff of the 48 acres or its value. This plaintiff says that he did not have the 309.2 acres surveyed, because there was no necessity therefor, as all of the land was there as called for in the deed from Wynne to Griffith until Wynne conveyed to Fields the 48 acres, and but for the fraud of Wynne in depriving and taking from plaintiff the 48 acres, Thos. Sawyer would have received the same quantity of land, 309.2 acres, this plaintiff purchased from W. B. Wynne, and there would have been no judgment rendered against this plaintiff for the shortage; that by and through the fraudulent act and conduct of W. B. Wynne toward this plaintiff, as herein alleged, he transferred the 48 acres of land by quitclaim deed, conveying to Fields the 48 acres, put him in possession of the same, well knowing that he had theretofore conveyed said 48 acres to this plaintiff; that the said J. C. Fields immediately, to wit, on the 8th day of October, 1909, placed on the deed records of Van Zandt county, Tex., the deed of conveyance to the 48 acres from W. B. Wynne, with full record notice to Fields and actual notice to W. B. Wynne that said 48 acres was a part of the land previously conveyed to this plaintiff by W. B. Wynne, all of which was unknown to this plaintiff, he having no notice or knowledge of the fraud thus perpetrated upon him by W. B. Wynne and no reason to suspect, believe, or anticipate that such fraud would be perpetrated as was done; that, by and through the fraud of W. B. Wynne, J. C. Fields had acquired a good limitation title to said 48 acres of land, he having had his deed upon record for more than 5 years, paying taxes on the land, etc., and under the laws of Texas has acquired a good title by limitation to the 48 acres as against this plaintiff and Thos. Sawyer, and but for the fraud of Wynne, J. C. Fields could not and would not have acquired any title to said 48 acres such as could or would have defeated this plaintiff or Sawyer out of the land. The fraud of W. B. Wynne, as herein alleged, and the limitation title of J. C. Fields, was not discovered by W. C. Griffith until March, 1917, less than two years after the filing of this suit, service of citation on W. B. Wynne, and his answer filed on —— day of ——, 1918. The fraud was then first discovered by * * * Thos. Sawyer in March, 1917; he then, being the owner of the land, caused same to be surveyed, whereupon it was then discovered for the first time that W. B. Wynne had sold and conveyed to J. C. Fields the 48 acres out of the 309.2 acres of land previously sold to W. C. Griffith and subsequently sold to Thos. Sawyer on the date alleged," etc.

Appellee presented, and the court sustained, general demurrer and special exceptions to appellant's petition, as follows:

(a) "To all that part of said pleading wherein it sets up the suit of Thos. Sawyer against W. C. Griffith, and attaches thereto as a part of said pleading the original petition of Sawyer against Griffith and the mandate of the court of the Fifth supreme judicial district of Texas, for the reason that it forms no basis for a cause of action against this defendant," etc.

(b) "For the reason that the alleged cause of action in said pleading as charged by W. C. Griffith against W. B. Wynne shows on its face to be barred by the two and four year statute of limitation."

(c) "To all that part of said petition that attempts to allege that W. B. Wynne had perpetrated a fraud upon W. C. Griffith by selling J. C. Fields the 48 acres of land, as said petition charges that said W. B. Wynne owned in fee simple a perfect title to the 309.2 acres of land at the time he sold it to W. C. Griffith and placed him in possession of it, that W. C. Griffith's deed was recorded in December, 1908, and that W. B. Wynne did not make the deed to J. C. Fields until in 1909, long after W. C. Griffith's deed was of record."

The appellant refused to amend, electing to stand by his petition, whereupon judgment was entered sustaining said exceptions, dismissing the suit, etc. Hence this appeal.

[1] The acts charged against appellee do not constitute fraud upon the title conveyed by appellee to appellant. A good and sufficient legal title was vested in appellant by the deed of conveyance executed by appellee, not only as to the fee, but including all of the property contained within the field notes describing the land as constituting the 309.2 acres of land purchased by appellant from appellee. The general covenants of warranty contained in such deed of conveyance only extended to any then existing defects in the title to the land embraced within the field notes describing same, and, on the fee being vested in appellant, with possession of property conveyed, said covenants ceased to have any further active legal effect, and could not be held to have prohibited appellee from thereafter acquiring title to all or any portion of the land conveyed by appellee to appellant through any of the means recognized by law for the acquisition of title to real estate, to wit, by purchase, devise, inheritance, gift, or by adverse possession under the statute of limitation.

As was said in the case of Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340:

"But appellant says that defendant and her husband sold the land to Herring, under whom plaintiff claims, and warranted the title to him, and therefore she cannot claim title by possession against her and her husband's warranty, but that the title so acquired (if it could be) would inure to the warranty. We cannot agree to this. It had as well be said that the vendor cannot disseize his vendee or acquire a title from him. He can acquire title from his vendee by limitation (Smith v. Montes, 11 Tex. 25, 26), where the deed is executed (Rawle on Cov. p. 398). The covenant of warranty will not defeat such title acquired after the deed. Such title is no breach of the covenant, which cannot be extended to cover future laches of the vendee by

which he loses the title conveyed to him. Stearns v. H'enderson, 63 Mass. 497."

The above rule of law, as well as its application to the instant case, is supported by the following authorities: Thomson v. Weisman, 98 Tex. 170, 82 S. W. 503; Texas & Pacific Ry. Co. v. Maynard, 51 S. W. 255; Knight v. Knight, 178 Ill. 553, 53 N. E. 306; Stearns v. Hendersass, 9 Cush. (Mass.) 497, 57 Am. Dec. 65; Murray v. Hoyle, 92 Ala. 559, 9 South. 368.

The quitclaim deed executed by appellee to J. C. Fields did not convey title, and title was not acquired by such conveyance to the 41.56 acres of land described in such quitclaim deed as against the title conveyed by appellee to appellant, but it was only in connection with the adverse possession of said 41.56 acres of land for a period of five years under said quitclaim deed that title was acquired by limitation. The acquiring of such title was not a breach of the covenants of warranty contained in the deed executed by appellee to appellant, and same cannot be extended so as to protect appellant from his own neglect and carelessness by which the title conveyed to him by appellee was lost to said J. C. Fields. It was not the acts of fraud charged against appellee which operated to thus vest title in J. C. Fields, but the fact that appellant negligently or carelessly permitted adverse possession of the 41.56 acres of land to remain with the said Fields until same ripened into a legal title by limitation. Such title even could have been acquired by appellee without a breach of the covenants of warranty contained in the deed of conveyance from appellee to appellant.

[2] If it should be conceded that appellant's petition alleged a cause of action against appellee on account of the fact that J. C. Fields acquired title to the 41.56 acres of land described in the quitclaim deed from appellee to Fields, same being an action "for debt where the indebtedness is not evidenced by contract in writing," the two-year statute of limitation would apply to the cause of action as stated by appellant. Gordon et al. v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40; Davidson et al. v. Wright et ux., 233 S. W. 108.

[3] Appellant purchased the 309.2 acres of land from appellee by deed of conveyance dated December 26, 1908. The 41.56 acres of land in controversy were conveyed on the 25th day of May, 1909, by W. B. Wynne to J. C. Fields, by proper field notes. Appellee was made party defendant to the original suit May 27, 1918, by appellant's original answer, more than nine years after appellant's cause of action, as alleged in his petition, accrued. Appellant attempts to avoid the effect of the statute of limitation by alleging certain fraudulent acts on the part of appellee, whereby he was prevented from discovering the alleged fraudulent acts and conduct on the part of appellee in reference to the quitclaim deed executed to J. C. Fields prior to the date alleged in his petition, claiming that he brought his cause of action against appellee within two years from the date he discovered the fraudulent acts and conduct on the part of appellee constituting his cause of action. Such allegations are not sufficient to avoid the bar of limitation; same not disclosing any act or conduct on the part of appellee whereby appellant was prevented from having said tract of land surveyed or using any of the information within his possession concerning the number of acres contained within said survey, or that after the execution of said deed of conveyance to appellant appellee exerted, by act or conduct, any influence which operated' on the appellant in a fraudulent manner, whereby he was prevented from ascertaining whether or not said tract of land contained the number of acres that he had purchased. In fact, the allegations do not show that appellant exercised reasonable diligence to ascertain the number of acres of land embraced within the field notes contained within his deed of conveyance. Powell v. March, 169 S. W. 936.

Appellant cites the case of Smalley v. Vogt, 166 S. W. 1, which we think, on facts, entirely distinguishable from the case under discussion, in this: The petition in that case alleged:

"That it was represented to plaintiff by defendant that the tract contained 624 acres of land, but that plaintiff refused to accept the tract as containing that number of acres unless defendant had the same surveyed, and defendant secured the services of a county surveyor, and, after the same had been surveyed, both defendant and the surveyor represented to plaintiff that the tract contained 624 acres of land; that he had no reason to suspect that there was a shortage in the land until he had it resurveyed in 1913; that he relied upon the representations of defendant and his agent, the surveyor, and believed them to be fair and upright men; that he has very limited education and did not know how to calculate the number of acres by the field notes; that by the fraud of defendant and his agent he was induced to make the trade and he was lulled into a sense of security as to the amount of the land, and believed that it contained 624 acres, and he relied on the representations of defendant and his agent, the surveyor; and that there was no other surveyor in Calhoun county at that time."

Same being sufficient to show fraudulent conduct on the part of the defendant and his agent, the surveyor, whereby the plaintiff was induced to believe that the number of acres contracted for was by actual survey and location on the ground contained within the field notes by which said land was conveyed to him, and that nothing occurred thereafter to disturb his confidence in the acts and conduct of the defendant and his agent, or to cause him to suspect that there was a shortage in the land until he had it surveyed several years after his purchase, when he discovered there was a deficit of

80 acres of land in the tract sold to him by defendant, and which had been deliberately concealed from him by the fraudulent acts and conduct of the defendant and his agent in the fraudulent survey made immediately before plaintiff purchased the land from defendant. Altogether different are the facts in this case.

Appellee conveyed the 309.2 acres of land to appellant by deed of date December 26, 1907, followed by immediate possession, which deed was recorded in the deed records of Van Zandt county on December 5, 1908. The quitclaim deed from appellee to J. C. Fields, conveying the 41.56 acres of land, was executed on the 25th day of May, 1909 (one year and five months after the date of the deed to appellant), and was recorded in the deed records of Van Zandt county on the 8th day of October, 1909. Fields went immediately into possession of said tract of land and remained continuously in such possession up to the filing of this suit, during all time rendering for and paying all taxes on said tract of land.

The case of Mitchell v. Simons, 53 S. W. 76, cited by appellant, is not applicable to the above state of facts; the facts on which the opinion in that case was rendered being as follows:

"That in 1889 appellant made and executed to appellee a deed to a certain tract of land; that, relying upon the good faith of appellant, the deed was not placed upon record until February 8, 1896; that he discovered in the early part of 1897 that appellant had sold the land to Chas. Stewart, and that his deed had been placed upon record on February 9, 1895, and that the deed was dated September 29, 1894. There was an allegation to the effect that appellee had no knowledge of the sale until 1897."

The suit was filed shortly thereafter.

In passing upon the above state of facts, the court, in said case, very properly held:

"The suit is one for damages for the fraudulent sale of a tract of land to another, that had already been conveyed to appellee by appellant, which was lost to the former because, reposing confidence in the honor and integrity of appellant, appellee had not caused his deed to be recorded until after the record of the deed made to the second grantee, and the land was thereby lost to him. If the allegations of the petition be true, appellant had perpetrated a fraud upon appellee by taking advantage of a failure to record the deed to him, and selling the land to another party, who would, on account of lack of notice, be placed in the position of an innocent purchaser as to appellee, and thus deprive him of his land, and appellant is liable for the damages incurred by reason of such fraudulent conduct."

It is obvious that the two statements of facts are so different in legal effect that a discussion is not only unnecessary but would be absolutely perfunctory. Therefore we will not undertake to here set forth the difference in the legal effect of such facts, believing that a casual comparison will be sufficient to demonstrate such difference in fact as well as in principle.

[4] The above acts and conduct on the part of said Fields were sufficient to put appellant on inquiry to ascertain the character of claim, title, and interest asserted by said Fields in and to said 41.56 acres of land, and—

"Whatever is sufficient to put a party upon inquiry is notice." John v. Battle, 58 Tex. 591.

"It is a well-established principle that whatever is notice enough to excite attention and put the party on his guard and call for inquiry is also notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation." 2 Spence's Equity Jurisdiction, 756; 1 Story's Eq. 400, 401.

Appellant's cause of action is not one based upon fraudulent misrepresentations by appellee as to the number of acres conveyed, but is based upon the proposition that, notwithstanding appellee conveyed to appellant said tract of land by a good and sufficient title, with immediate delivery of possession, after such conveyance he executed a quitclaim deed to 41.56 acres of the 309.2 acres of land to J. C. Fields, who acquired title thereto by limitation, claiming that the act of executing such deed and the possession of the grantee therein under same constituted such acts of fraud as to render appellee liable for the value of the land thus lost to appellant. It is clear that under the authorities above cited no cause of action is alleged against appellee. The trial court did not err in sustaining the exceptions to appellant's petition. Therefore the judgment of the court below is affirmed.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes