**TUERPE et al. v. GEORGE SAUNDERS LIVE STOCK COMMISSION CO. et al.*
(No. 6796.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922. Rehearing Denied Dec. 13, 1922.)

1. Homestead ⬤181(3)—Finding that homestead was abandoned held warranted by evidence.

In trespass to try title, finding that plaintiffs had abandoned their homestead in the land in question *held* supported by evidence.

2. Homestead ⬤129(1)—Innocent purchasers took title freed from claim of homestead.

Purchasers from grantee of absolute deed, even if it was intended as a mortgage, took full title, where they had no notice of the arrangement or of homestead claim of the grantor.

3. Homestead ⬤129(1)—Continued residence of grantor in premises held not notice of homestead.

Where conveyance expressly renounced homestead claim to the land, *held*, that grantor's continued residence on the land was not notice sufficing to put purchasers on such inquiry as to his homestead claim as would have led to disclosure of such claim if pursued; there being evidence that the grantor informed intending purchasers that his home was elsewhere, and made no homestead claim.

Appeal from District Court, Atascosa County; J. F. Mullalley, Judge.

Suit by Anna F. Tuerpe and husband against the George W. Saunders Live Stock Commission Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

George Powell, of San Antonio, for appellants.

Davis & Long and Clamp, Searcy & Groesbeeck, all of San Antonio, for appellees.

SMITH, J. This suit, in the form of an action in trespass to try title, was brought by H. R. Tuerpe and wife, Anna F. Tuerpe, against the George W. Saunders Live Stock Commission Company, R. T. Pruitt, and others, to recover 200 acres alleged to be their homestead out of a tract of 1,340 acres of land in Atascosa county, which had been previously conveyed by the Tuerpes to the commission company. The latter had, in turn, conveyed the land to Pruitt and other defendants in this suit, who by cross-action sought, in the alternative, to recover over against the company on its warranty to them. The defendants other than the commission company also sought to recover title to the lands conveyed to them. The cause was tried without a jury, and the court rendered judgment against the plaintiffs for the commission company on the cross-action against it, and in favor of the remaining defendants for the title to and possession of the land. As the court did not file written findings, every issue of fact raised by the evidence will be resolved against the Tuerpes, who have appealed.

It was shown upon the trial that prior to the sale of the 1,340 acres to the commission company appellants were indebted in the sum of $3,500 to George W. Saunders, and of $7,000 to J. M. Friedman, on which certain interest payments were past due. The latter note was secured by a deed of trust on the whole tract, executed and acknowledged by Mr. and Mrs. Tuerpe. On May 30, 1916, the Tuerpes made a deal with Saunders whereby they duly conveyed the 1,340 acres to the George W. Saunders Commission Company by general warranty deed for a recited consideration of $13,000 as follows: $2,500 in cash, the cancellation of the $3,500 note to Saunders, and the assumption by the company of the $7,000 Friedman note, as well as of all taxes due or to become due. Contemporaneously with the execution of this deed, the Tuerpes also executed and delivered to the commission company an acknowledgment of tenancy, under the terms of which they were to continue in possession of the premises as tenants of the company until the following November. The Friedman deed of trust, the deed to the company, and the acknowledgment of tenancy were all properly executed, acknowledged, and delivered by the Tuerpes, and the two instruments first mentioned were recorded, and in each of them the Tuerpes expressly stipulated that no part of the 1,340 acres constituted their homestead, which was affirmatively designated as being at 224 Furnish avenue, in the city of San Antonio, where they maintained a residence.

It was shown by testimony that between 1900 and 1904 the Tuerpes built a small home on the land in question, and took up their residence there. Four or five years later they purchased a lot on Furnish avenue in San Antonio, and built and furnished a house thereon, which Mrs. Tuerpe and their son moved into and occupied, at least during school terms, until the son had finished school, and were occupying it at the time of the trial; that at week-ends, and in vacation, Mrs. Tuerpe and her son closed up their San Antonio residence and resumed their residence on the place in controversy, and that Mr. Tuerpe continued, through all this period, to reside on the ranch home, but made frequent visits to San Antonio, when he would stay with his family in the residence there. It was also shown that after the sale to the commission company Tuerpe stayed on the ranch, under the written acknowledgment of tenancy and an agreement with the purchasers to take care of the premises and of cattle and hogs, which the purchasers

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 31, 1923.

had placed there for pasturage, under an arrangement whereby he participated in the net profits the purchasers earned from operating the ranch. It was undisputed, or at least the court impliedly found upon ample evidence, that Tuerpe's continued occupation of the ranch was in subordination to the purchasers' ownership thereof, and that he made no claim, up to the time of filing this suit, which was inconsistent with such ownership. There was ample testimony to support the court's implied finding that Tuerpe stated to the commission company's vendees, when they were looking over the place with the view of purchasing it, that his home was on Furnish avenue, in San Antonio, and that he did not disclose to them that he was claiming any interest in any of the premises. In fact, there is no evidence that the Tuerpes, at any time after the conveyance of the property asserted any claim to it. It was shown, too, that the purchaser satisfied the recited consideration of the property, and that this consideration constituted a fair price for it.

The Tuerpes sought to recover upon the contention that the conveyance to the commission company, although in the form of a general warranty deed, was in fact a mortgage; that specifically described 200 acres of the tract constituted their homestead, which they had never abandoned, but still maintained; that they had never surrendered possession; that the vendees of the commission company had both actual and constructive notice of plaintiffs' homestead rights; that they had been guilty of no fraud, and that the vendees were not innocent purchasers without notice. The defendants in the action below pleaded the general denial, not guilty, limitations, and, setting out the facts relied on, alleged that they purchased without notice, and that the plaintiffs were estopped by the facts from asserting any homestead claims.

[1] The case is essentially one of fact, rather than of law. The only issue on which the court's implied finding might be questioned is the one of whether the Tuerpes had abandoned their ranch home for their town home. Abandonment of a homestead is largely a question of intention, and the burden of clearly proving the fact of abandonment rests upon the one asserting it. Primarily, the proof of intention rests alone in the hearts and minds of those harboring it, but it is sometimes true that their acts and conduct disclose such intention so clearly and unmistakably as to conclude them from repudiating the effect of such evidence. And, while in this case the Tuerpes were vigorous in their denial of any intention to abandon the ranch homestead, we cannot say as a matter of law that this evidence was not overcome by their admissions and conduct over a period of several years, and we perceive no reason why we should set aside the implied finding of the trial judge against appellants on this issue.

[2] But, regardless of the secret intentions of appellants to hold onto the ranch as a homestead, appellees would still be entitled to judgment, for the reason that the evidence clearly supports the implied finding that the purchasers from the commission company had no notice, actual or constructive, of the homestead claim, or that the conveyance from appellants to the commission company was a mortgage rather than an absolute conveyance, as it purported to be. We must assume from the court's findings that the conveyance was in fact absolute, rather than a mortgage. But, even if it had been a mortgage, and not an absolute sale, nevertheless the purchasers had no notice of the subterfuge, or of the homestead claim, and the title passed to them. Love v. Breedlove, 75 Tex. 649, 13 S. W. 222.

[3] It is contended that the fact that Tuerpe continued to reside on the ranch was notice to the purchasers from his vendee, or at least was sufficient to put them upon inquiry, which would have led them to the full truth. But this position is not sound. If the purchasers had consulted the record, it would not have disclosed the secret homestead intention. It expressly disclaimed such intention. Nor would it have disclosed the secret trust which appellants claim was impressed upon the conveyance. Love v. Breedlove, supra. And there is evidence to support the finding that when the purchasers disclosed their purpose to buy the property Tuerpe told them his home was in San Antonio, and that he was "batching" it there on the place. He made no mention of any homestead claim, or that he regarded his conveyance as a mortgage instead of a deed. So, if appellees were in fact put upon inquiry by reason of Tuerpe's possession, they exhausted every source of information, and were fully reassured.

Appellants contend that Mrs. Tuerpe was obliged to sign the deed in question by reason of coercion and duress, and, while her testimony, and that of her husband and son, tends to show that the night previous to the execution of the instrument her husband threatened to take his life, if she did not execute it, the issue was one of fact which the trial court resolved against appellants, and we cannot disturb that finding.

The cause appears to have been fairly tried, and the evidence supports the judgment, which must be affirmed.

Affirmed.