TUERPE et al. v. GEORGE W. SAUNDERS LIVE STOCK COMMISSION CO. et al. *
(No. 7079.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1924. Rehearing Denied Feb. 27, 1924.)

1. Judgment ⬅714(2)—Issue of homestead held res judicata.

An issue of homestead which was fully and finally disposed of in a prior action between the same parties, being the same res, cannot be raised again in the present action.

2. Judgment ⬅720—Issue as to whether deed was mortgage res judicata.

Where, in a prior action between the same parties, there was an issue as to whether plaintiff's deed was a mortgage, such issue cannot again be tried.

3. Judgment ⬅585(2)—All issues held involved in prior suit and judgment therein res judicata.

In trespass to try title to recover land, carve out a homestead, and set aside a conveyance because of fraud, held, that all issues were involved in a prior action between the same parties, and judgment therein was res judicata.

4. Judgment ⬅584, 713(2)—Issues of prior suit not determined in later one.

If in a prior suit the subject-matter and parties were the same, or if the issues sought to be litigated could or might have been litigated and determined in the prior suit, they cannot be litigated over again in another suit.

5. Vendor and purchaser ⬅239(1)—That sale conditional does not affect innocent purchaser.

That a sale of land was conditional in that the right was reserved to the vendor to repurchase for a fixed price within a limited time would not affect the title of an innocent purchaser for value.

6. Limitation of actions ⬅28(1)—Recovery based on alleged fraud barred by two-year limitations.

A right to recover because of alleged fraud, deception, breach of trust, and overreaching, is under Rev. St. arts. 5687, 5690, barred by two-year limitation.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 23, 1924.

**7. Mortgages** ⬦≡⊃608½—**Not set aside in absence of offer to do equity.**

In trespass to try title, in which plaintiffs claimed a deed executed by them was not an absolute conveyance but a mortgage, they were not entitled to have the sale set aside, in the absence of any offer or tender of money to satisfy their admitted obligations.

Appeal from District Court, Atascosa County; Covey C. Thomas, Judge.

Action by H. R. Tuerpe and another against the George W. Saunders Live Stock Commission Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 245 S. W. 741.

Wm. Abernethy and W. E. Jones, both of Jourdanton, and George Powell, of San Antonio, for appellants.

Davis & Long, of San Antonio, Garnand & Hardy, of Jourdanton, and Clamp & Searcy, of San Antonio, for appellees.

COBBS, J. Appellants, on the 22d day of June, 1922, filed their suit in trespass to try title to recover the 1,340 acres of land in controversy, and on May 21, 1923, filed their amendment seeking what they pray for, both legal and equitable relief. Anna F. Tuerpe, joining her husband therein, sought to carve out and recover from the entire tract a homestead of 200 acres, and her husband, H. R. Tuerpe, sought to recover all the lands, or in the alternative for damages against George Saunders Live Stock Commission Company. They sought to set aside all the conveyances made, on the ground of fraud, and especially their general warranty deed of May 30, 1916, to the George Saunders Live Stock Commission Company, alleging the deed, though pretending on its face to pass the legal title, was, and only intended to be, a mortgage or security for a debt; and likewise wholly void as to their homestead right of 200 acres thereof; and so also as to the entire tract, which was intended as a mortgage. Appellants further allege that the George Saunders Live Stock Commission Company, on the 14th day of April, 1919, by warranty deed conveyed the same land to R. T. Pruitt, for $26,800, of which $14,049.98 was cash, and their five notes aggregating $12,750.02; and being more than $10,000, over and above appellants' indebtedness, and after said sale refused to pay to appellants the sum of $13,800. They prayed that the said conveyance be declared a mortgage, and that they recover their lands or compensation therefor, as well as their homestead out of the same. They alleged Pruitt and others purchased said lands with full notice of appellants' right and title.

George Saunders Live Stock Commission Company, among other things, denied the cause of action, pleaded not guilty, the stat-

ute of limitation of three, four, and five years; and further answering denied that the deed was ever intended as a mortgage, but was intended, as expressed on its face, to be a full, fee-simple title, with covenants of general warranty; and alleged that they left the appellants in possession of said land as its tenants, appellants, at the time, executing and delivering written acknowledgment of tenancy.

The appellees further answered, and pleaded res adjudicata, in that in cause No. 2137, in the district court of Atascosa county, being a suit instituted by appellants in trespass to try the title to the same land, and all the parties thereto being the same as here, the issues were fully heard, tried, and determined and terminated on the 13th day of December, 1921, in a judgment for appellees.

Said suit was, mainly, to recover a homestead of 200 acres out of said land, being the same as here sought to be recovered out of the tract of 1,340 acres. Appellants appealed from said judgment to this court, where the same was affirmed. Tuerpe v. Saunders Live Stock Commission Co., 245 S. W. 741. From which judgment appellants petitioned the Supreme Court for a writ of error, which was denied.

The Pruitts answered setting up the same defenses as the George Saunders Live Stock Commission Company, alleging that their purchase of the land was in good faith, for a valuable consideration paid, without notice of any adverse claim whatever; that prior to the deed of May 30, 1916, appellants had mortgaged the same land to various persons, being all the lands in controversy, had executed their acknowledgment of tenancy, and had declared in various written, recorded instruments that the lands in controversy did not constitute their homestead, but that their homestead consisted of their home and homestead on improved lots in San Antonio, Bexar county. In addition to that, it was charged they well knew, at the time of appellees' purchase, their intention to do so, and appellants at that time made no claim of ownership or otherwise to the land and are now estopped by their silence and acquiescence.

Appellants filed various exceptions to the pleading of appellees, all being overruled. We see no error in the ruling of the court on the exceptions. The case was then submitted to the jury, who returned a directed, or instructed, verdict for appellees.

We will not follow appellants' order in presenting the assignments, but will consider the questions as they seem logically to arrange themselves.

[1] We will first dispose of the homestead contention by saying the issue of homestead was fully and finally disposed of in said cause No. 2137, between the same parties, and being the same res, having been disposed

---

⬦≡⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of there cannot therefore be raised again here. Were that not so, nevertheless, under the testimony adduced in this case, no other judgment could be rendered.

[2] Again, as to the right of appellants to here review and try out the issue as to whether their deed was a mortgage or not, they cannot escape the legal effect of the issues disposed of in the former cause No. 2137, in the district court of Atascosa county. That brings us to the determination of appellees' plea of res adjudicata to the whole suit.

[3] In order to recover the homestead of 200 acres, out of the 1,340, it necessitated the same proof in respect to the whole property. The title to the whole land under the same conveyance, that is, whether it was a mortgage or not, was before the court. As the right to the homestead depended upon the legal title, it had to be met here with the superior title in appellees, and that was done by showing the superior title out of appellants and therefore no mortgage. Were all the issues as to title involved? We think so. If the instrument was a mortgage, as appellants contend, it will be remembered, then, that the suit was filed, in the first place, in the nature of a possessory action to try title to lands, claiming a superior title to the land which was mortgaged, and in the alternative for a homestead.

[4] The law does not approve of a multiplicity of suits. If in the prior suit between all the parties, the subject-matter and parties be the same, or, per contra, if the issues also sought to be litigated could or might have been litigated and determined in the former suit, the law will not allow them to be litigated over again in another suit.

To recover the 200 acres appellants were required to prove the deed a mortgage. To prevent a recovery the Pruitts had to prove and show their title to the whole tract, show that they were innocent purchasers for value, without notice. If the full, fee-simple title never passed out of appellants, because the conveyance under which the Pruitts claimed was intended to be a mortgage, of which they had notice, instead of a sale, then by repaying the Pruitts for their improvements, the principal, interest, and other expenses, appellants might be in a position to set aside the conveyance. But they have never shown themselves entitled to recover all the lands, or any part thereof, nor offered to do equity, nor paid or tendered the money required for that purpose.

In regard to the contention that there is no consideration paid for the land, and the alleged perpetration of fraud by appellees, there is no material testimony to support the claim, either of fraud or failure of consideration.

Upon the same facts, substantially, in the former appeal, we held that the deed from appellants, of May 30, 1916, conveying the land, was not a mortgage, but an absolute conveyance of the land. Tuerpe v. Saunders Live Stock Commission Co., 245 S. W. 741. This case may be looked to for a full statement of the facts, which are the same as here, and for a full discussion and settlement of the law of the case.

After the conveyance appellant never assessed or rendered the land for taxes in his name, nor ever thereafter paid taxes on it, or asserted any title to the same; and stood by and permitted it to be sold without protest, notice, or claim.

The evidence is undisputed that R. T. Pruitt and associates were innocent purchasers for value.

[5] The most that could be claimed, under appellants' testimony, would be that it was a conditional sale, which became absolute six months thereafter.

Stevens on Liens, p. 19, § 29, reads as follows:

"A deed absolute upon its face is not a mortgage when it is delivered to extinguish a debt, although the grantee should give a contemporaneous promise to reconvey on being reimbursed within a reasonable time in an amount equal to the debt and interest thereon."

In Rotan Grocery Company v. Turner, 46 Tex. Civ. App. 534, 102 S. W. 932, it is in effect held that whether a conveyance is a deed or a mortgage depends largely upon the intention of the parties. If the purpose of the instrument is to pass the title with the right reserved in the vendor to purchase the property for a fixed price within a limited time, it is a conditional sale.

But this would in no way affect Pruitt's purchase, and he took good title. Tuerpe et al. v. George Saunders Live Stock Commission Company, 245 S. W. 741; Causey v. Hundley, 44 Tex. Civ. App. 340, 98 S. W. 431; Martin v. Granger (Tex. Civ. App.) 204 S. W. 667.

[6] On appellant's proposition as to his right to recover a personal judgment against George Saunders Live Stock Commission Company, based on alleged fraud, deception, breach of trust, and overreaching, we fail to find any material testimony to support that claim. But, if there had been, it was barred by the statute of limitation of two years. Rev. St. arts. 5687, 5690; Griffith v. Wynne (Tex. Civ. App.) 236 S. W. 174; Gordon et al. v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40; Davidson et al. v. Wright (Tex. Civ. App.) 233 S. W. 108; Harrison v. City (Tex. Civ. App.) 35 S. W. 744; McCartney v. McCartney, 93 Tex. 363, 55 S. W. 310; Lott v. Kaiser, 61 Tex. 665; Blount v. Bleker, 13 Tex. Civ. App. 227, 35 S. W. 864; Cooper, Adm'r, v. Lee, 75 Tex. 121, 12 S. W. 483.

[7] Aside from all these questions, and conceding merit in appellants' claim that their deed was not, what it purported on its face to be, an absolute conveyance of the legal fee-simple title, but a mortgage, they have

placed themselves in no position to set aside the sale. They have not offered to do equity. They have not offered or tendered any money to satisfy their admitted obligations.

We find no reversible error assigned.

All assignments are overruled, and the judgment of the trial court is affirmed.