BOMAR v. STEELE et ux. (No. 1995.)

Court of Civil Appeals of Texas. El Paso.
May 5, 1927.

1. Trial ⚖══350(3)—In purchaser's action for vendor's false representations, refusal of issue, whether falsity should have been discovered two years before action was brought, held error.

In purchaser's action for deceit for vendor's false representation that lots faced street, refusal to submit issue whether reasonably prudent person would have discovered there was no street, before date two years prior to bringing of action, *held* error.

2. Limitation of actions ⚖══100(6)—Limitations in deceit action run from discovery of fraud.

In purchaser's action for deceit, limitations run from time fraud is discovered or should be discovered.

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Limitation of actions ⟷28(1)—Two-year rather than four-year statute held applicable to purchaser's action for deceit for vendor's false representations.**

Two-year statute of limitations *held* applicable to purchaser's action for deceit for vendor's false representations that lots faced street, as against contention that four-year statute applied, because suit was to rescind and cancel written contract.

**4. Limitation of actions ⟷40(2)—Statutes of limitation are inapplicable to defense of failure of consideration by purchaser fraudulently induced to purchase property and seeking no affirmative relief.**

One induced by fraud to purchase property and give notes in payment, when sued on his obligation by original payee or holder with notice, may plead failure of consideration if he seeks no affirmative relief, and statutes of limitation have no application to such defense unless affirmative relief is sought.

**5. Limitation of actions ⟷28(1)—Purchaser's action for deceit for vendor's false representations, brought when holder of note caused advertisement of property, held for damages, making two-year statute applicable.**

Purchaser's action for deceit for vendor's false representations, in which cancellation of note and money judgment was asked, brought when holder of note caused advertisement of property, *held* action for damages, to which two-year statute of limitations applied, rather than defensive for failure of consideration.

**6. Fraud ⟷65(1)—In purchaser's action for vendor's false representations, instruction defining "fraudulent representations" dealing with inapplicable phases of law of fraud held erroneous (Rev. St. 1925, art. 4004).**

In purchaser's action for deceit for vendor's false representations that lot faced street, instruction defining "fraudulent representations," dealing with inapplicable phases of law of fraud, should not have been given, since action was based on alleged false representation of existing material fact and was governed by Rev. St. 1925, art. 4004.

**7. Fraud ⟷59(2)—Measure of damages for vendor's false representations held difference between value and represented value (Rev. St. 1925, art. 4004).**

In purchaser's action for deceit for vendor's false representations that lots faced street, measure of damages is difference between value of property if it had been situated on street and actual value at time of contract, in view of Rev. St. 1925, art. 4004.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Oliver W. Steele and wife against W. B. Bomar and another. Judgment for plaintiffs against defendant named, and latter appeals. Reversed and remanded.

Holland, Bartlett, Thornton, & Chilton, of Dallas, for appellant.

Clark & Clark, Wm. H. Clark, Wm. H. Clark, Jr., and Thos. C. Clark, all of Dallas, for appellees.

HIGGINS, J. Appellees, Steele and wife, brought this suit September 23, 1925, against W. B. and L. H. Bomar. The material facts set up in the petition, stated briefly, are as follows:

On July 15, 1922, plaintiffs purchased from W. B. Bomar lots 8, 9, and 10 in block A, Bomar's subdivision, and in part payment therefor executed their note of that date to order of said defendant in sum of $2,100, and to secure its payment gave a deed of trust upon said property to L. H. Bomar, trustee; at the time they purchased said property W. B. Bomar represented to them that the lots faced upon a street and the Texas Electric Railway Company had its interurban line down this street, and that there was a 20-foot alley adjacent to lot 10, and that thereby plaintiffs had full ingress and egress to and from the property; plaintiffs relied upon said representations and were thereby caused to buy the property and execute the note. For about seven months plaintiffs used the supposed street, and thereafter the Texas Electric Railway Company fenced their right of way and refused to allow plaintiffs to use the same as a street to their property. Thereupon plaintiffs took the matter up with said company and were informed the land they had been using as a street was a private right of way belonging to said company. It was then alleged:

"Plaintiff shows that he paid for said property, the sum of $4,000, and that with said street and alley, as represented to him, said property was reasonably worth the money he paid for it, but that in its present condition without any method of ingress and egress at all, said property is not worth more than 50 per cent. of the amount plaintiff paid for the same. Plaintiff shows that he has thereby been damaged in the sum of $2,000, and he prays the judgment of the court, that he have judgment for said damages against the said defendant.

"Plaintiff shows that there is a balance unpaid on said note in the sum of $1,405, and plaintiff prays that he recover judgment canceling said note, as there has been a total failure of consideration therefor, and that the defendant be cited to bring said note into court, and that the court render judgment canceling the same as void."

It was further alleged that the trustee, L. H. Bomar, had advertised the land for sale to pay said note. A temporary injunction was sought and granted enjoining such sale. The prayer was "that plaintiffs have judgment canceling said note and for their damages hereinbefore alleged," and for general relief.

Defendants answered by general denial and plea of the two years' statute of limitations.

The jury found: (1) W. B. Bomar represented to Oliver W. Steele at the time of the purchase that the lots faced a street. (2) Such representation was false. (3) Such representation was made for the purpose of inducing Steele to purchase the lots. (4) Plaintiffs believed such representation. (5) And made the purchase relying upon such belief. (6) The amount paid for the property was $3,915.50. (7) The reasonable cash market value of the property at the time of the trial is $2,000.

Judgment was rendered in favor of plaintiffs against W. B. Bomar for $510, and cancellation of the note upon which there was a balance due of $1,405; judgment was also rendered canceling the deed of trust and permanently enjoining the sale of the property.

[1, 2] This is an action to recover damages for deceit. To such actions the two years' statute of limitation applies. Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40; Bass v. James, 83 Tex. 110, 18 S. W. 336. And limitation in such cases begins to run from the time the defrauded party discovers the fraud or should have discovered same by the exercise of reasonable diligence. Mason v. Peterson (Tex. Com. App.) 250 S. W. 142. The suit was filed more than two years after the alleged fraud was practiced, and the evidence raises the issue that plaintiffs, in the exercise of reasonable diligence, should have discovered before September 23, 1922, that the land occupied by the track of the Texas Electric Railway Company was its private property and not a street. Appellant requested the submission of the issue as to whether a reasonably prudent person, in the exercise of reasonable diligence, would have discovered before September 23, 1922, that there was no street in front of the property, and the same was refused. This was error, for the evidence raised the issue. If it had been submitted and found in the affirmative the plaintiffs' suit was barred by limitation.

[3] Appellees assert that the two years' statute of limitations has no application because the suit is to rescind and cancel the written contract between the parties, and to such an action the four years' statute applies. But the statement of the petition and the relief sought show plainly that this is not an action to rescind but is to recover damages for deceit. And such was the relief granted by the judgment rendered.

[4] One who has been induced by fraud to purchase property and give notes in payment therefor, when sued upon his obligations by the original payee, or a holder charged with notice, may plead failure of consideration, and, if he seeks no affirmative relief, have an abatement of his obligation to the extent of the injury sustained by such fraud. As to a defense of this kind, the statutes of limitations have no application. Mason v. Peterson, supra. But, even in a suit to enforce a purchase-money obligation, if the defendant by cross-action affirmatively reconvenes for damages sustained by the fraud, rather than setting up his injury defensively in abatement of his obligation, then the statute of limitations applies to such cross-action. This was so held and the question discussed in an opinion by Chief Justice Fly, in Binder v. Millikin (Tex. Civ. App.) 201 S. W. 239 (writ refused). The same ruling was made in Mason v. Peterson (Tex. Civ. App.) 232 S. W. 567, affirmed by the Commission of Appeals, in an opinion expressly approved by the Supreme Court. 250 S. W. 142.

[5] In the instant case it was alleged, as shown by the quotation from the petition, that there was a total failure of consideration for the note, but this general allegation does not alter the affirmative character of the suit as one in damages for the alleged fraud.

The holder of the note had caused the trustee to advertise the property, thus forcing the plaintiffs to take the initiative. The fact that plaintiffs were compelled to take the initiative would not deprive them of their right to have their obligation abated to the extent of the injury which they had sustained by the defendant's fraud, as to which right limitation has no application so long as the purchase-money obligation remains unpaid. The plaintiffs' suit, however, was not brought to protect a defensive right, but was affirmatively offensive for the recovery of damages. They recovered judgment for such damages in an amount sufficient to offset the balance due upon the note and the additional sum of $510.50. The fact that it is sought to have the damages sued for applied as an offset to the balance due upon the note does not change the character of the action as being for damages rather than defensive as for failure of consideration. Binder v. Millikin, supra; Mason v. Peterson, supra.

[6] The court in its charge gave this instruction:

"By the term 'fraudulent representation,' as hereinafter used in this charge, is meant the intentional perversion of truth for the purpose of inducing another, in reliance upon it, to part with some valuable thing belonging to him or to her, or to surrender a legal right; a false representation of a material fact, whether by words or conduct, by false or misleading allegation or of concealment of that which should have been discovered, which deceives and is intended to deceive another so that he or she will act upon it to his or her legal injury."

The action is based upon an alleged false representation of an existing material fact, and is governed by article 4004, R. S.

The definition of the term "fraudulent representation" dealt with various phases of the law of fraud respecting such representations, which have no present application. Appellant's objection to that effect was well taken. The definition should not have been

given. Texas Employers' Ins. Ass'n v. Rodgers (Tex. Civ. App.) 284 S. W. 968.

[7] The measure of damages in this case is the difference between the value of the property, if it had been situate upon a street as it was represented to be, and its actual value at the time of the contract without such street. Article 4004, R. S. Findings 6 and 7 furnish no proper basis for the award of damages. Appellant's proposition to that effect is well taken.

Under the measure of damages prescribed by article 4004, R. S., the evidence referred to in the sixth proposition should be excluded on retrial.

The court did not err in refusing to submit the issue referred to in the second proposition or in refusing to qualify issue No. 4, as such proposition asserts it should have been. Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Western, etc., v. Anderson, 45 Tex. Civ. App. 513, 101 S. W. 1061.

None of the other propositions submitted by appellant show any error.

Reversed and remanded.