Oxford & McMillan, of Stephenville, and L. J. Wardlaw, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is murder; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

In entering judgment and pronouncing sentence, the provisions of the Indeterminate Sentence Law were not given effect. The judgment and sentence are reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than five years. As reformed, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

HAWKINS, J., absent.

## AMERICAN NAT. INS. CO. v. VILLEGAS.
### No. 2461.

Court of Civil Appeals of Texas. El Paso.
Nov. 15, 1930.

Rehearing Denied Dec. 4, 1930.

Isaacks & Lattner, of El Paso, for appellant.

Sydney Smith and John W. Penn, both of El Paso, for appellee.

HIGGINS, J.

This is a suit by Manuel Villegas against appellant to recover premiums paid by him on various life insurance policies issued by appellant. Recovery was sought upon the theory that the policies were governed by the law of Mexico, were nullities under the law of that republic, and no risk ever attached. See American Nat. Insurance Co. v. Smith (Tex. Civ. App.) 13 S.W.(2d) 720, and National Life & Accident Insurance Co. v. Smith (Tex. Civ. App.) 20 S.W.(2d) 142.

Upon trial without a jury Villegas recovered judgment as prayed for.

The rulings upon evidence made the basis of the first and second propositions present no error. The evidence was admissible as admissions against interest. Bilger v. Buchanan (Tex. Sup.) 6 S. W. 408; Warburton v. Wilkinson (Tex. Civ. App.) 182 S. W. 711; Jones on Evidence, §§ 681–683.

In some of the policies appellee was neither the assured nor the beneficiary. However, he was related in varying distant degrees to such beneficiaries or persons assured.

Plaintiff was an unmarried man, and from the evidence seems to have been interested in the welfare of these parties and thereby prompted to procure the insurance for them and pay the premiums.

It is asserted that, as plaintiff had no insurable interest in the lives of some of the persons assured, he is to be regarded as a mere volunteer in paying the premiums, and for that reason cannot recover. This proposition is overruled. There is no reason why the plaintiff should be regarded as a mere volunteer in procuring life insurance policies and paying premiums for the benefit of kin people in whose welfare he was interested and whom he desired to see protected by valid life insurance contracts.

In bar of the action appellant pleaded the two years' statute of limitations (Rev. St. 1925, art. 5526). The court's conclusions show that this plea was overruled upon the view that the four years' statute (Rev. St. 1925, art. 5527) was applicable. The action is governed by the two years' statute. Gordon et al. v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40; Bomar v. Steele (Tex. Civ. App.) 295 S. W. 323; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Carver v. Moore (Tex. Civ. App.) 275 S. W. 90; Carver v. Moore (Tex. Com. App.) 288 S. W. 156; Tuerpe et al. v. Commission Co. et al. (Tex. Civ. App.) 259 S. W. 649; Bishop-Babcock-Becker Co. v. Jennings (Tex. Civ. App.) 245 S. W. 104. This error necessitates reversal.

With reference to the question of limitation appellee in his brief replies that limitation did not begin to run against him until the fraud practiced in connection with his cause of action was discovered by him or ought to have been discovered in the exercise of reasonable diligence as was held by this court in Nat. Life & Accident Ins. Co. v. Smith (Tex. Civ. App.) 20 S.W.(2d) 142.

But it is well settled that facts which toll the operation of the statute of limitations must be pleaded, and, if not pleaded, such facts are irrelevant. See cases cited 11 Michie Digest, p. 1371 et seq. Appellee has no pleading raising the issue of fraud in any form, and the issue is irrelevant in the present state of the pleadings.

The court's finding of fact upon the issue of fraud was in favor of appellant, but, as stated, the issue, in the state of the pleadings, was wholly irrelevant, and such finding would not support a judgment in appellant's favor. Reversed and remanded.

### On Rehearing.

Appellant insists the judgment should be rendered in its favor upon the issue of limitation. We think the cause should be remanded under the rule announced in Camden Fire Insurance Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842, and cases there cited.

The motion for rehearing is overruled.